In the Matter of DAVID A. PRAVDA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 27, 1983

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

OPINION OF THE COURT

*Per Curiam.*

Petitioner, the Departmental Disciplinary Committee for the First Department, moves for an order confirming the findings of fact and conclusions of law of a hearing panel, and directing that respondent be suspended from the practice of law for a period of three years.

Respondent was admitted to practice in the Second Department on March 16, 1966, and has maintained an office for the practice of law within the First Department.

On or about February, 1977, respondent was retained to probate an estate. After letters testamentary were issued to him on May 26, 1977, respondent neglected the matter and failed to make complete distribution of the estate's assets. On or about December 21, 1979 respondent was retained to prosecute a negligence action against the City

of New York. He failed and neglected to file a notice of claim within 90 days of the accident, and failed to prosecute the action. On or about July 8, 1981, respondent met with the plaintiff and his uncle, advised them that he had expeditiously prosecuted the action, but stated that he would forward the matter to another law firm to prosecute. Since then respondent has not communicated with the plaintiff nor has any law firm contacted the plaintiff regarding the case.

Respondent was charged with dishonesty in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility, and neglect in violation of DR 6-101 (A) (3). Respondent filed an answer in the nature of a general denial, but did not testify before the hearing panel and rested on the record.

The hearing panel sustained the charges concerning respondent's neglect of both the estate matter and the negligence action. It also sustained the charge concerning conduct involving dishonesty to the extent of the misrepresentation made to the estate beneficiaries that he had retained counsel to assist in completion of the estate, and that final distribution would be made in approximately 90 days and that respondent would advise the beneficiaries if the timetable were altered.

Respondent has not answered this petition. In his summation at the hearing, he claimed that the beneficiaries, and not the executor of the estate, filed charges against him. As for the negligence action he made an ambiguous attempt to claim that the client had not retained him to prosecute the action, but only retained him to refer the matter to a negligence lawyer. It is clear that respondent has no defense to the charges, and that the charges are supported by documentary evidence and testimony presented at the hearing.

The findings of fact should thus be confirmed, and the recommendation for a three-year suspension adopted. Respondent was admonished in 1971 for neglecting a case and misleading a client as to its status; and in 1979 he was censured for unnecessarily delaying the prosecution of a divorce action, for procrastinating in pursuing a negligence action, and for misleading his clients as to the status

of the case. Thus, inclusive of these matters, since his admission in 1966 respondent has been disciplined for dishonesty or negligence in five different matters. He has established a pattern of practice which presents a danger to clients and demands a form of discipline stronger than the previously imposed sanctions.

Accordingly, the petition is granted. Respondent is suspended from the practice of law for a period of three years, said suspension to commence 60 days after entry of this order. In the interim respondent is directed not to undertake any new matters.

MURPHY, P. J., KUPFERMAN, SANDLER, SULLIVAN and SILVERMAN, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three years effective December 28, 1983 and until the further order of this court.