In the Matter of ADAM M. WRIGHT (Admitted as ADAM MORGAN WRIGHT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 10, 1985

### APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Adam M. Wright was admitted to practice on June 19, 1978 as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, First Judicial Department. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee moves for an order confirming the findings of fact and conclusions of law of

a hearing panel. In that regard, petitioner has been found guilty of conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4), conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5), conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6), disregarding a standing rule of the Appellate Division, First Department, in violation of DR 7-106, and depositing clients' funds into a personal account in violation of DR 9-102 (A) in that:

A. Respondent undertook to represent Evan July in seeking damages for his personal injuries without the consent of his mother Ida July.

B. Respondent, in violation of 22 NYCRR 603.7, failed to file retainer statements with the Office of Court Administration in connection with his representation of Wilma Harris, Rasheeda Harris and Evan July.

C. Respondent settled the claims of Wilma Harris and Rasheeda Harris without the authority or prior knowledge of Wilma Harris.

D. Respondent settled Evan July's matter without the authority or prior knowledge of Ida July.

E. Respondent failed to petition for infant compromise orders for Rasheeda Harris and Evan July as required by CPLR 1207 and 1208 and 22 NYCRR 603.8.

F. Without the authorization or knowledge of Wilma Harris, respondent indorsed settlement checks pertaining to Wilma Harris and Rasheeda Harris by signing Wilma Harris' name on the back of said checks.

G. Without the authorization or knowledge of Ida July, respondent indorsed the settlement check pertaining to Evan July by signing the name Emma July on the back thereof.

H. Respondent misappropriated the proceeds of the settlement checks pertaining to Wilma Harris and Rasheeda Harris, depositing the same in June 1980 into a personal account, rather than an escrow account, the balance of which went down to approximately $119 on or about July 10, 1980.

I. Respondent misappropriated the proceeds of the settlement check pertaining to Evan July, cashing the check in June of 1980 and failing to forward any of the proceeds to Evan July or his mother.

J. Respondent falsely testified at an interview before the Committee that he apprised Wilma Harris of the settlement

offers from the bus company and that Mrs. Harris approved the settlement of $3,000 for her and her daughter's claims prior to respondent's receipt of the settlement checks.

According to the hearing panel which heard this matter, Wilma Harris, her infant daughter Rasheeda, and her 14-year-old brother Evan July, were injured in a bus accident on the New Jersey Turnpike on or about January 7, 1980. Evan July's mother and guardian was Ida July. Wilma Harris thereafter retained respondent, on a one-third contingency fee basis, to represent her and her daughter in seeking to obtain damages for personal injuries from Trailways Company, the operator of the bus. Respondent, however, also undertook to represent Evan July without first obtaining the consent of his mother. He then settled the claims of Wilma and Rasheeda Harris without authorization from or the prior knowledge of Wilma Harris. He also settled Evan July's matter without authorization from or the prior knowledge of Ida July. Pursuant to these unauthorized settlements, respondent received three checks from the bus company in the total amount of $3,500. He fraudulently indorsed the checks, cashing the check made out to Evan July and depositing the two Harris checks into his personal account. In early 1983, Wilma Harris, in making inquiry to the bus company, learned of the settlements for the first time. Shortly thereafter, Mrs. Harris, through another attorney, demanded the moneys due to her and her daughter. Respondent thereupon paid Mrs. Harris the sum of $1,200.

■ Some three weeks after the hearing panel issued its report in the instant matter, dated May 13, 1985, respondent delivered to the offices of the Departmental Disciplinary Committee an affidavit, also dated May 13, 1985, in which he tendered his resignation from the New York Bar. The Departmental Disciplinary Committee, in opposing respondent's cross motion for an order accepting his resignation, states that on two occasions prior to the disciplinary hearing, the subject of respondent's possible resignation from the practice of law was raised in telephone conversations between respondent's lawyer and the Committee's counsel. Both times respondent's attorney indicated that his client would not resign. However, now that the hearing panel has recommended a sanction of disbarment, the Committee asserts, respondent wishes to resign. The Committee contends that respondent had adequate opportunity to resign before the hearing. In that connection, we agree with the view expressed by the Committee that where there has been a full hearing and findings of extremely serious misconduct warrant-

ing disbarment, resignation is inappropriate. Consequently, respondent's cross motion for an order accepting his resignation is denied.

Respondent has been found guilty of disbarrable offenses. In his proposed affidavit of resignation, he acknowledges that he cannot successfully defend himself on the merits against the charges pending against him. Yet, respondent not only wants us to accept his resignation in place of disbarment, he requests that in the event that this court is not inclined to grant his cross motion for an order accepting his resignation, we provide him with additional time to respond to petitioner Departmental Disciplinary Committee's motion to disbar. The Committee correctly points out that respondent has not stated any grounds for such an extension other than the bald assertion that he wishes to respond "on the merits, factually, legally and constitutionally." Respondent has already had ample time and opportunity to serve a complete answer to the petition and will not be permitted to further protract this proceeding.

Therefore, the petition by the Departmental Disciplinary Committee is granted. The findings of fact and the conclusions of law of the hearing panel are confirmed. Respondent's cross motion is denied in full, and respondent is disbarred from practice as an attorney and counselor-at-law, effective immediately.

SULLIVAN, J. P., ROSS, MILONAS, KASSAL and ROSENBERGER, JJ., concur.

Petition granted, respondent disbarred from practice as an attorney and counselor-at-law in the State of New York effective immediately, and cross motion for leave to resign and for other relief denied in its entirety.