[640 NYS2d 523]

In the Matter of RICHARD KRANIS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 11, 1996

APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Gerald L. Shargel* of counsel; and *Richard A. Schwartz* of counsel *(Crisona & Schwartz, L. L. P.,* attorneys), for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent Richard Kranis was admitted to the practice of

law in the State of New York by the Second Judicial Department on October 16, 1963. At all times pertinent to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

There were 24 charges against respondent in his representation of six different clients. The Special Referee, retired Judge Evans V. Brewster, sustained 18 charges involving five of the clients.

Not only was respondent found negligent in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30), he was also found to have engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3), and of conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (6) (now [8]).

The Special Referee stated: "Respondent blatantly neglected cases entrusted to him by five clients and misled those clients into believing that the cases were being actively pursued. At the hearings, Respondent exhibited little remorse for his mishandling of these matters and, indeed, was unwilling to accept personal responsibility for his neglect of these litigations. At various times, he blamed his clients, his colleagues, his employees, his filing system, and indeed, even Committee Staff, for the many mishaps which occurred in the course of these cases. He also sought to belittle the merits of the cases notwithstanding his obvious ethical obligation to pursue them once he agreed to do so."

The Special Referee recommended a sanction of a two-year suspension. The Departmental Disciplinary Committee moves to confirm the Special Referee's findings of fact and conclusions of law and contends that the least possible sanction imposed should be a two-year suspension, but urges a more severe sanction.

We agree with the Departmental Disciplinary Committee that a more severe sanction is warranted. There was not merely neglect here (see, Matter of Segal, 190 AD2d 295), there were substantial aggravating factors (see, Matter of Hunter, 120 AD2d 214). Moreover, respondent had two prior admonitions for neglect.

Accordingly, the findings of fact and conclusions of law of the Special Referee are confirmed and the petition of the Departmental Disciplinary Committee for a severe sanction is granted, and respondent is disbarred and his name is hereby

stricken from the roll of attorneys and counselors-at-law, effective immediately.

Respondent's cross motion to, *inter alia*, disaffirm the Special Referee's report and for a lesser sanction is denied in all respects.

SULLIVAN, J. P., ELLERIN, KUPFERMAN, ROSS and TOM, JJ., concur.

Respondent is disbarred, effective immediately, and cross motion, *inter alia,* to disaffirm is denied in its entirety.