[647 NYS2d 765]

In the Matter of LeRoi L. Gill (Admitted as LeRoi Lionel Gill), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 3, 1996

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Andrew G. Maloney* of counsel *(Maloney & Associates, P. C.,* attorneys),* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, LeRoi L. Gill, was admitted to the practice of

law in the State of New York in the Second Judicial Department on February 5, 1986 and at all times relevant to the matters herein maintained an office for the practice of law in the First Judicial Department.

Respondent was served with a Notice and Statement of Charges dated July 1, 1994, and a Notice of Supplemental Charges dated September 5, 1994, in which it was alleged that he violated Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]), DR 7-101 (A) (2), and DR 6-101 (A) (2) and (3) (22 NYCRR 1200.3, 1200.32, 1200.30) by neglecting the legal matters of two clients and committing fraud upon them. In one case, respondent was retained to prosecute a defamation action on behalf of a client. While respondent apparently commenced the action properly, he manufactured fictitious answering papers from a firm never retained or consulted by the defendants, who in fact had not even appeared in the action. In the second case, respondent again apparently properly commenced an action seeking damages for wrongful termination of employment, but failed to respond to a summary judgment motion made by the defense. Summary judgment was granted to the defendants on default. It is not disputed that respondent was served with the court's decision and judgment dismissing the matter; however, respondent failed to advise his client that he defaulted on the summary judgment motion or that the action had been dismissed. Respondent continued the deception from October 1993 until the summer of 1994 by misrepresenting to his client, both orally and in writing, that the summary judgment motion was still pending. The client discovered the truth in July 1994 when he examined the court file himself.

The respondent answered the charges and generally admitted all of the allegations contained therein. As mitigation respondent asserted that various personal problems and his involvement with his church and professional organizations occupied a disproportionate amount of his time during the period when the misconduct occurred.

While we have considered the evidence presented by respondent in mitigation, it does not change the fact that in his relatively short legal career, the respondent has deliberately misled two separate clients over a period of 10 months and committed various acts of dishonesty, fraud and deceit.

Accordingly, the petition is granted insofar as to confirm the Hearing Panel's findings of fact and conclusions of law, but it is disaffirmed with respect to the recommended sanction, and respondent is hereby suspended from the practice of law for a period of three years.

MILONAS, J. P., ROSENBERGER, WALLACH, KUPFERMAN and Ross, JJ., concur.

Petition granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and disaffirmed with respect to the recommended sanction, and respondent is suspended from the practice of law as an attorney and counselor-at-law in the State of New York, for a period of three years, effective November 4, 1996, and until the further order of this Court.