[662 NYS2d 48]

In the Matter of ROBERT E. EVANGELISTA (Admitted as ROBERT ECARGUES EVANGELISTA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 16, 1997

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Robert E. Evangelista,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Robert Ecargues Evangelista was admitted to practice law in this State on June 20, 1989, at a term of the Appellate Division, Third Judicial Department. During all relevant periods of time since then, he has maintained an office for such practice within the First Judicial Department.

Between 1991 and 1995, respondent represented 10 clients on immigration- and domestic-related matters. Petitioner filed 28 charges against respondent stemming from these cases, ranging from his failure to file necessary papers on behalf of his clients, failure to communicate with clients regarding case status, failure to return original documents and unearned fees to clients, and failure to adhere to a judicial stipulation of settlement with a client, to failure to adhere to a letter of admonition from petitioner, and alteration of documents submitted to petitioner in an effort to conceal his neglect. These acts of misconduct are alleged to be in violation of a number of the Disciplinary Rules of the Code of Professional Responsibility, to wit: DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3], neglecting a legal matter entrusted to the attorney); DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3], failure to refund promptly an unearned fee); DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4], failure to return client property in his possession promptly); DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4], conduct involving dishonesty, fraud, deceit or misrepresentation); DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5], conduct prejudicial to the administration of justice); and what is now DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8], conduct adversely reflecting on fitness to practice law).

The Hearing Panel, after five months of hearings with numerous witnesses, sustained all 28 charges and has recommended a five-year suspension from practice. Respondent has cross-moved for permission to resign from the Bar in the face of these charges.

We disagree with the recommendation of the Hearing Panel. This record reveals a pattern of misconduct, involving many clients, over a period of several years. Such a pattern of behavior warrants disbarment (*Matter of Kranis*, 219 AD2d 278, *lv denied* 89 NY2d 805), especially in light of respondent's prior disciplinary history and his current delinquency in registering with the Office of Court Administration (*Matter of Noland*, 223 AD2d 82).

Respondent's attempt to resign in the face of these charges barely meets the requirements of the Rules of this Court (22 NYCRR 603.11 [a]) in that he acknowledges (without specifying) the charges and his inability to defend against them on the merits (*cf., Matter of Sands*, 89 AD2d 61). However, this eleventh-hour request is inappropriate in light of the extensive and lengthy hearings that petitioner has been forced to conduct against a less than candid respondent whose defense consisted of little more than two perfunctory letters of reference from members of the Bar (*Matter of Wright*, 110 AD2d 274).

Accordingly, the cross motion to resign is denied. Petitioner's motion to confirm is granted solely to the extent of confirming the Hearing Panel's findings and conclusions. The recommended sanction is disaffirmed, respondent is disbarred, effective immediately, and his name is ordered stricken from the roll of attorneys authorized to practice law in this State.

SULLIVAN, J. P., MILONAS, WALLACH, WILLIAMS and TOM, JJ., concur.

Petition granted solely to the extent of confirming the Hearing Panel's findings and conclusions, and disaffirming the recommended sanction, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective September 16, 1997; and cross motion seeking leave to resign denied.