[723 NYS2d 23]

In the Matter of PAUL S. BLOCK (Admitted as PAUL STUART BLOCK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 3, 2001

## APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Alan J. Goldberg* of counsel (*Goldberg, Scudieri & Block, P. C.*), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Paul S. Block, was admitted to the practice of

law in the State of New York by the Second Judicial Department on July 19, 1989, as Paul Stuart Block. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the DDC) served respondent with a notice and statement of charges dated March 9, 2000 in which it was alleged that he violated Code of Professional Responsibility DR 1-102 (a) (4) and DR 6-101 (a) (2) and (3) (22 NYCRR 1200.3, 1200.30), by deliberately deceiving clients (a husband and wife) through lies and fabrication of documents to corroborate those lies, and by neglecting the clients' affairs. Respondent served an answer dated March 22, 2000. The charges arose from respondent's engagement to represent the clients in the sale of their cooperative apartment. When the buyer defaulted on his financing arrangement with the clients, they asked respondent to commence a foreclosure action against the buyer. The charges stemmed from his failure to commence the action and his subsequent misconduct in hiding that fact from the clients.

Hearings were held before a Referee and at the conclusion of its case in chief, the DDC withdrew Charge Two, which alleged a violation of DR 6-101 (a) (2), inadequate preparation of a legal matter. By a report and recommendation dated August 11, 2000, the Referee sustained the remaining charges and recommended that respondent be publicly censured. A Hearing Panel issued a report dated October 3, 2000, in which it confirmed the Referee's findings but modified the sanction to the extent of recommending a six-month suspension.

The DDC now petitions us for an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing such discipline as this Court deems just and appropriate. Respondent cross-petitions for an order disaffirming the Hearing Panel's report and confirming the Referee's report in its entirety, including its recommendation of public censure.

In confirming the Hearing Panel's findings of fact and conclusions of law, we note that respondent's admitted neglect of the foreclosure action was aggravated by his deliberate oral and written misrepresentations in a protracted effort to cover up his delinquencies, including false assurances to his client as to the status of their case when, in fact, the matter was never commenced. Indeed, respondent went so far as to instruct his clients to appear in court on two separate occasions for a nonexistent hearing, and to fabricate a letter, which he claimed

was sent to a Judge, and three proposed orders. It was not until his deposition before the DDC that respondent finally admitted his misbehavior. Such false statements evidence serious professional misconduct in violation of DR 1-102 (a) (4) and DR 6-101 (a) (3). The fact that respondent alleges that he did not intend to cause his clients harm and that he did not profit financially are not defenses.

Given the deliberate, serious and intentional character of respondent's admitted misconduct, a public censure, as recommended by the Referee, is clearly inadequate. The Referee erred in relying on cases that were factually distinguishable from respondent's case. Notwithstanding respondent's previously untarnished disciplinary record, in light of the case law most on point, a suspension of six months is justified. In disciplinary cases in which an attorney has neglected legal matters and has engaged in additional misconduct such as misrepresentation to clients, this Court has imposed suspension as a sanction (*see e.g. Matter of Scharf*, 213 AD2d 119 [neglect of one matter, misrepresentations to clients and the Committee to cover neglect, failure to cooperate, six-month suspension]; *see also Matter of Gill*, 225 AD2d 170 [three-year suspension for neglect of two legal matters, manufacturing fictitious answering papers, and making oral and written misrepresentations that a summary judgment motion was pending]; *Matter of Hershberg*, 235 AD2d 1 [neglect of two legal matters and misrepresentation of status of case to two clients warranted a six-month suspension]; *Matter of Hyman*, 38 AD2d 511 [neglect of three matters, misrepresentations to conceal neglect, admission of wrongdoing but absence of venal intent, 18-month suspension]).

Accordingly, the DDC's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law and suspending respondent from the practice of law for a six-month period, and respondent's cross petition denied.

Sullivan, P. J., Nardelli, Williams, Saxe and Friedman, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective May 3, 2001, and until the further order of this Court.