[738 NYS2d 313]

In the Matter of MICHAEL L. LEAVITT (Admitted as MICHAEL LOUIS LEAVITT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 19, 2002

## APPEARANCES OF COUNSEL

*James T. Shed* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Michael L. Leavitt*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael L. Leavitt was admitted to the practice of law in the State of New York by the First Judicial Department on February 22, 1983, as Michael Louis Leavitt. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within this Judicial Department.

On February 23, 2001, the Departmental Disciplinary Committee (DDC) filed an amended notice and statement of charges, that superseded the original notice of charges, in which it was alleged that respondent violated Code of Professional Responsibility DR 1-102 (a) (4), (5), (7) and DR 6-101 (a) (3) (22 NYCRR 1200.3, 1200.30), by inter alia, neglecting three immigration matters coupled with subsequent dishonesty with respect to the neglect. Respondent submitted answers to the charges and amended charges, admitting all of the relevant facts alleged.

A Referee conducted a hearing on February 26 and March 8, 2001, and based upon respondent's admissions, he sustained each of the seven charges contained in the amended charges and recommended that respondent be suspended for a period of 18 months.

A Hearing Panel heard oral argument on May 23, 2001 and the Panel modified the Referee's report to the extent of recommending a suspension of not more than one year conditioned upon respondent's reorganization of his law practice.

The DDC now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact and conclusions of law of the Referee and Hearing Panel, and imposing whatever determination as to sanction the Court deems fair, just and equitable. Thus, the question before us is whether respondent should be suspended for one year or 18 months.

In cases like this, where the neglect has been coupled with misrepresentation of the status of the case to the client, the term of suspension has generally been one year or longer (*see Matter of Rabinowitz*, 189 AD2d 402, *lv denied* 82 NY2d 653 [three-year suspension for neglect of two matters, misrepresentation of status of the case, lack of candor with the DDC and Hearing Panel, and six previous admonitions]; *Matter of Pravda*, 96 AD2d 34, *mod upon rearg* 101 AD2d 80 [three-year suspension for neglect of two matters, misled both clients as to case status, and had previous admonition and censure]; *Matter of Hyman*, 38 AD2d 511 [neglect of three matters, misrepresen-

tations to conceal neglect, admission of wrongdoing without venal intent, 18-month suspension]; *Matter of Kovitz*, 118 AD2d 285 [one-year suspension for neglect of one matter and where attorney received four prior admonitions over a nine-year period]).

In light of respondent's admissions and the evidence presented, we confirm the findings of fact and conclusions of law sustaining the seven charges of professional misconduct in violation of DR 6-101 (a) (3) and DR 1-102 (a) (4), (5) and (7). As to sanction, we agree with the recommendation to suspend respondent for 18 months. While argument can be made that respondent should receive a one-year suspension based upon the number of legal matters he neglected and his prior admonitions (*see, e.g., Matter of Forman*, 117 AD2d 71), his additional misconduct involving his misrepresentations made to his client and his initial misleading answers to the Committee warrants a longer period of suspension (*see Matter of Pravda, supra*). In addition, while respondent has altered office procedures and has created a reorganization plan which can be considered in mitigation (*Matter of Danas*, 236 AD2d 44), the fact that respondent neglected a matter and lied about his neglect around the same time that he received the more recent of his two prior Letters of Admonition for engaging in similar conduct, is particularly disturbing. Finally, as the DDC counsel notes, the fact that an extended suspension would work a hardship on respondent's family, clients and practice is inherent in any suspension imposed by this Court.

Accordingly, the DDC's petition should be granted to the extent of confirming the findings of fact and conclusions of law of the Referee and Hearing Panel, and respondent suspended from the practice of law for a period of 18 months.

NARDELLI, J.P., WILLIAMS, ANDRIAS, SAXE and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of 18 months, effective March 21, 2002.