[742 NYS2d 220]

In the Matter of HOWARD A. BENICK (Admitted as HOWARD ALAN BENICK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 14, 2002

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Howard A. Benick, was admitted to the practice of law in the State of New York by the Second Judicial Department on October 23, 1974, as Howard Alan Benick. At all times relevant to the instant proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a Notice and Statement of Charges dated December 5, 2000, in which it was alleged that he failed to return all or part of an unearned legal fee and failed to refund promptly an advance fee that he did not earn, neglected two legal matters, failed to satisfy a judgment a client obtained against him, failed to cooperate with the Departmental Disciplinary Committee, and failed to pay the biennial fees to the Office of Court Administration (OCA). By this misconduct, respondent was accused of violating Code of Professional Responsibility DR 1-102 (a) (5) (three charges) and (7); DR 2-110 (a) (3), and DR 6-101 (a) (3) (two charges) (22 NYCRR 1200.3, 1200.15, 1200.30). On or about January 8, 2001, respondent submitted an answer in which he admitted essentially all of the factual allegations in the Statement of Charges.

A Referee's hearing was held on January 10, 2001 and February 14, 2001, at which respondent appeared pro se. The evidence adduced established that respondent, who was hired by several complaining clients to obtain a judgment of divorce for them, repeatedly failed to return clients' phone inquiries, failed to prepare and file court documents after being paid to do so, and falsely told clients that divorce papers had been filed. Moreover, after certain clients complained to the Disciplinary Committee and respondent promised to contact them and complete their legal work, he failed to do so. With respect to one client, respondent never answered the complaint issued by the Committee.

Based on the evidence, the Referee found that by failing to file the divorce papers of one of his clients and to return her messages seeking the status of her case, respondent neglected a legal matter in violation of DR 6-101 (a) (3). Further, by failing to use this client's fee for agreed expenses and retaining the entire fee, respondent failed to return part or all of the unearned legal fee, and failed to promptly refund an advance fee he did not earn in violation of DR 2-110 (a) (3).

With respect to a second client, the Referee determined that respondent neglected her divorce action in violation of DR 6-101 (a) (3) and violated DR 1-102 (a) (5) by failing to satisfy the $1,715 judgment that she had obtained against him for unearned fees.

The Committee received a complaint with respect to a third client that respondent had neglected to file her signed divorce papers in over a year, moved his office without telling her, and failed to return her telephone messages once she obtained his new phone number. Almost a month after the Committee sent respondent the complaint asking for an answer, respondent asserted that he would resolve the matter and would submit an answer. Notwithstanding numerous letters and phone messages from the Committee inquiring as to the whereabouts of his promised answer, respondent has still not responded to this complaint. Based upon respondent's failure to file an answer, the Referee found that respondent had not cooperated with the Committee in violation of DR 1-102 (a) (5).

An additional charge pertained to respondent's failure to pay attorney registration fees since February 9, 1996. Throughout the investigation of the aforementioned complaints, the Committee repeatedly reminded respondent of his obligation to register and pay the fees. Despite his promises to the Committee from June to October 1999 that he expected to pay the fees soon and that he would provide evidence of his inability to pay, respondent did not do so. Moreover, respondent falsely claimed that on or about October 1999 he had paid $300 of the total amount of dues owed. Based upon respondent's failure to pay the biennial fees to OCA since February 1996, the Referee found that respondent had failed to comply with Judiciary Law § 468-a and engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5).

Finally, the Referee determined that by failing to keep his many and repeated promises to communicate with his clients, to pay the judgment owed to a client for unearned fees, to send an original stipulation to a client's attorney and divorce papers to a client, and pay his registration fees, respondent engaged in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (a) (7).

In view of respondent's admissions to all of the charges of misconduct and after considering mitigating and aggravating factors, the Referee sustained each charge, adopted Committee staff's suggested penalty, and recommended at least a six-month suspension.

A Hearing Panel, after listening to oral argument, issued a Report and Recommendation dated June 29, 2001, in which it unanimously confirmed the Referee's findings sustaining all charges, but recommended that respondent be disbarred instead of suspended. The Panel found that while respondent had been found guilty of failing to return unearned fees as to two of his clients, such unreturned fees included court costs for index numbers that he failed to obtain and, therefore, such failure arguably constituted conversion. The Panel also determined that respondent's conduct, which increasingly deteriorated throughout the proceedings, demonstrated a complete lack of candor and remorse. Further, in the four months since the Referee's hearing, he had not kept any promises he had made to the Committee or the Referee. Moreover, the Panel commented on respondent's remarkable statement at oral argument that he would wait to see if he were suspended before he paid his overdue registration fees, showing a lack of understanding of his responsibilities as an attorney.

The Panel also set forth in detail the evidentiary record against respondent establishing his "pattern of deceit." Finally, the Panel concluded:

> "Based on the foregoing, it is clear that Respondent's unwillingness or inability to keep his promises is exceeded only by the glibness with which he makes them. It is also clear that he has failed grievously to fulfill his obligations to his clients, to the Committee and to the mandate of the Judiciary Law.

> "Respondent wholly neglected, if not abandoned, clients seeking divorce, knowing they were counting on him for some financial security and peace of mind. He ignored a court judgment although, as an attorney, he is himself an officer of the court. He was previously admonished for ignoring a different judgment. He took and has kept money from at least two clients for court index numbers that he did not obtain. He gave the Committee his repeated empty promises instead of meaningful cooperation. In all respects, he failed to abide by the standards of the legal profession. We have little if any hope that he will abide by these standards in the future."

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2),

confirming the findings of fact and conclusions of law of the Referee and the Hearing Panel and imposing whatever sanction this Court deems appropriate. Respondent has not interposed a response.

As an initial matter, a review of the evidence presented indicates that there is ample support for the findings of the Referee and Hearing Panel that respondent neglected two client matters and committed other misconduct, and in doing so violated the Code of Professional Responsibility. Consequently, the findings of fact and conclusions of law should be confirmed.

The only issue remaining is whether respondent should be suspended and, if so, for how long, or whether he should be disbarred. Based upon this Court's precedents, we find that respondent should be suspended, but for a lengthier period than the Referee recommended. Comparable neglect cases have resulted in a period of suspension ranging from six months to three years depending on whether there is a prior disciplinary history, the seriousness of the consequences flowing from the neglect, the number of matters neglected, whether the attorney misled clients and/or the Committee, and whether the attorney cooperated with the Committee and was candid in the proceedings.

Here, respondent neglected two client matters, repeatedly failed to keep promises to his clients and the Committee, failed to pay a judgment to a client for unearned fees, failed to cooperate with the Committee, failed to return an unearned fee, failed to register and pay his attorney fees, received a prior admonition for failing to pay a judgment, and was found to have lacked candor, remorse, and failed to demonstrate any substantial mitigating factors. Moreover, although respondent was not formally charged with making misrepresentations in violation of DR 1-102 (a) (4), he clearly misrepresented the cases' status to his clients and was not candid with the Committee.

In similar cases where neglect has been combined with misrepresentation to a client or lack of candor before the Committee, the term of suspension has generally been one year or longer (see, e.g., Matter of Leavitt, 291 AD2d 37 [18-month suspension where attorney neglected three matters, lied to client about status of case, misled Committee in his answers, received two prior admonitions but where he cooperated with Committee, admitted to misconduct and expressed remorse]; Matter of Moore, 197 AD2d 254 [three-year suspension for neglect of eight legal matters, misrepresentation of the status of

a case, willful failure to satisfy a judgment, failure to return unearned fee, lack of candor before the Panel and three prior admonitions]; *Matter of Siegel*, 193 AD2d 181 [attorney suspended for three years for, inter alia, neglecting four legal matters for substantial period of time, for misrepresenting status of case, three prior admonitions, but attorney had personal problems and documented depression]; *Matter of Rabinowitz*, 189 AD2d 402, *lv denied* 82 NY2d 653 [three-year suspension for neglect of two matters, misrepresentation of status of the case, lack of candor with the Committee and Hearing Panel, and six previous admonitions]; *Matter of Lampert*, 142 AD2d 66 [neglect by respondent of four matters, misrepresentation of status of the matters to the clients and a prior admonition resulted in a two-year suspension]; *Matter of Forman*, 117 AD2d 71 [one-year suspension for neglecting five matters and two prior admonitions]; *Matter of Pravda*, 96 AD2d 34, *mod upon rearg* 101 AD2d 80 [three-year suspension modified to two years for an attorney who neglected two matters, misled both clients as to case status, and had previous admonition and public censure]). In view of the foregoing, we conclude that a suspension from the practice of law for a period of 18 months is appropriate. Accordingly, the Committee's petition should be granted to the extent that the Hearing Panel and Referee's findings of fact and conclusions of law are confirmed. The recommended sanctions are disaffirmed, and respondent suspended from the practice of law for a period of 18 months, effective immediately. Any motion for reinstatement should be conditioned upon (1) the submission of a psychiatric report attesting that respondent is mentally capable of resuming the practice of law; (2) that respondent is undergoing or has completed any prescribed treatment; (3) full restitution to all clients including the satisfaction of any outstanding judgment obtained against him as noted above; and (4) payment of all outstanding biennial attorney registration fees.

MAZZARELLI, J.P., ELLERIN, LERNER, RUBIN and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of 18 months, effective the date hereof, as indicated.