[846 NYS2d 108]

In the Matter of DAVID J. NUZZO (Admitted as DAVID JAMES NUZZO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 20, 2007

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Andral N. Bratton* of counsel), for petitioner.

*Richard Lavorata, Jr.* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent David J. Nuzzo was admitted to the practice of law in the State of New York by the Second Judicial Department on July 24, 1996. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. According to the records of the Office for Court Administration, he is delinquent in his registration for the 2006-2007 biennial period.

In October 2006, the Departmental Disciplinary Committee (the Committee) served respondent with papers charging him with violations of Code of Professional Responsibility DR 1-102 (a) (4) (conduct involving dishonesty, fraud, deceit or misrepresentation), (5) (conduct prejudicial to the administration of justice) and (7) (conduct adversely reflecting on one's fitness to practice law) (22 NYCRR 1200.3), and DR 6-101 (a) (3) (neglect of a legal matter) (22 NYCRR 1200.30). The charges were based on allegations that respondent had neglected two separate personal injury matters for the same client and then intentionally misrepresented to the client that the matters had been settled. It is further alleged that, when he was deposed in the course of the Committee's investigation of this matter, respondent made false statements under oath, with the intent to mislead. In his answer and prehearing stipulation in this proceeding, respondent admitted to having neglected the prosecution of the two personal injury matters in question and to having misled his client in an attempt to conceal the neglect.

Respondent's misconduct occurred in the course of his representation of the same client in two separate personal injury matters arising from automobile accidents that occurred, respectively, on June 28 and July 29 of 1999. The client retained respondent to represent him in these matters in 1999. As of July 2005, respondent had failed to prosecute either matter, as

he now admits. To conceal his neglect, respondent sent the client a letter, dated July 12, 2005, which falsely asserted that an insurance company would settle the case for $7,000 if the client executed general releases and authorizations enclosed with the letter.

Respondent stipulated that he had not provided accurate testimony when he was deposed by the Committee on April 11, 2006. Respondent's initial testimony at the deposition was to the effect that he did not know how the client got the idea that a $7,000 settlement offer had been made, and that he could not remember sending any correspondence to the client with regard to settlements or releases. However, after being shown his letter of July 12, 2005, respondent changed his testimony and admitted that he had sent the letter to the client because the time to move for a default judgment had passed. Respondent claimed that he had intended to pay the client out of his own pocket. During the hearing before the Referee, respondent acknowledged that his initial deposition testimony was not due to a lapse of memory but, rather, had been an intentional lie.

After a hearing, a Referee sustained all charges against respondent. The Committee sought a suspension of no less than one year due to respondent's deceitful behavior toward his client and the Committee. Respondent suggested a suspension of 30 days or less, and that a censure or private reprimand was more appropriate given his remorse and efforts at improving his law practice. The Referee recommended a six-month suspension, taking into account letters attesting to respondent's good character and, in mitigation, the lack of a prior record of misconduct, the absence of evidence of a pattern of misconduct involving other clients, and respondent's evident remorse for his wrongdoing.*

A Hearing Panel, by majority vote, confirmed the Referee's findings and recommendation. While the Hearing Panel majority recognized that the six-month suspension recommended by the Referee was at the low end of the range of sanctions imposed by this Court for similar transgressions, it nonetheless deferred to the Referee's judgment, given his unique opportunity to observe respondent's demeanor and assess the sincerity of his remorse and commitment to reform. One member of the Hearing Panel recommended a "sanction of five months for the

* The Referee rejected, however, respondent's attempts to excuse his misconduct as related to illness or the breakup of his engagement.

underlying offense, and an additional sanction of one to four months for the attempt to mislead the Committee."

The Committee now seeks an order confirming the findings of the Referee and Hearing Panel and suspending respondent from the practice of law for such period of time as this Court may deem just and proper, but no less than six months, the period of suspension recommended by the Referee and the Hearing Panel. In its memorandum of law in support of the petition, the Committee points out that where an attorney compounds neglect of a client matter with misrepresentations to conceal that neglect, suspension is the appropriate sanction (*see Matter of O'Shea*, 25 AD3d 203 [2005]; *Matter of Leavitt*, 291 AD2d 37 [2002]; *Matter of Block*, 282 AD2d 12 [2001]; *Matter of Hershberg*, 235 AD2d 1 [1997]; *Matter of Scharf*, 213 AD2d 119 [1995]).

Respondent, through counsel, has submitted an answer and a memorandum that, while not contesting the findings of misconduct, urge us to censure him or, in the alternative, to suspend him for 60 days or less, since a longer suspension would cause him financial hardship. In support of his request for leniency, respondent points out that he has no prior disciplinary record; that he did not benefit in any way from his misguided actions; that he acknowledges the seriousness of his misconduct, to which he admitted before the Referee and Hearing Panel; and, finally, that he is remorseful and has learned from his mistakes.

We conclude that, notwithstanding the recommendation of the Referee and the Hearing Panel of a six-month suspension, respondent should be suspended from the practice of law for a period of one year. In reaching this determination, we are influenced by the fact that respondent not only lied to his client in an effort to conceal his neglect, but also initially gave false testimony to the Committee when, at his deposition, he denied having falsely represented to the client that there was an outstanding settlement offer from an insurance company. Respondent retracted and corrected this false testimony—which, as he admitted to the Referee, he gave deliberately—only after the Committee's counsel showed him a copy of his July 12, 2005 letter. In a case involving an attorney with a prior disciplinary history, we imposed a suspension of 18 months for neglect coupled with misrepresentations to both the client and the Committee (*see Matter of Leavitt, supra*). Here, given respondent's lack of a prior disciplinary history, we deem it appropriate to impose a one-year suspension.

Accordingly, the petition should be granted, the findings of fact and conclusions of law of the Hearing Panel and Referee confirmed, and respondent suspended from the practice of law for a period of one year.

FRIEDMAN, J.P., GONZALEZ, CATTERSON, MALONE and KAVANAGH, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective December 20, 2007, and until further order of this Court.