[881 NYS2d 62]

In the Matter of TOMMY ALEJANDRO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 11, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

*Tommy Alejandro*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Tommy Alejandro was admitted to the practice of law in New York by the Appellate Division, Second Judicial Department on September 14, 1994. At all times pertinent to the charges herein, he has maintained an office for the practice of law within the First Judicial Department.

In July 2007, respondent was charged with 36 counts of professional misconduct arising out of his representation of five clients. The charges, citing violations of the Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7); DR 6-101 (a) (3); DR 7-101 (a) (2); DR 2-110 (a) (3) and DR 9-102 (b) (1); (d) (1), (2), (8), (9) and (e) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.30 [a] [3]; 1200.32 [a] [2]; 1200.15 [a] [3]; 1200.46 [b] [1]; [d] [1], [2], [8], [9]; [e]), alleged that respondent neglected numerous litigated matters, failed to promptly return unearned legal fees and pay judgments owed to clients, and knowingly provided false written and oral assurances to his clients and his superiors that he had performed necessary legal work. The Committee alleged that respondent submitted a false billing statement on one client matter. It also charged respondent with misusing his escrow account to deposit and withdraw personal funds in an effort to defraud judgment creditors, and with making withdrawals to "cash," or in a manner other than to a named payee. Finally, respondent was charged with giving false statements and sworn testimony before the Committee concerning his handling of the neglected matters and misuse of his escrow account.

By prehearing stipulation dated December 5, 2007, respondent admitted to all but the allegations pertaining to charges 1-6, 26 and 30-32.

A hearing was thereafter conducted before a Referee, who sustained all 36 charges. As to a sanction, the Referee recommended a five-year suspension because respondent "did appear and cooperated to some extent with the Committee."

A Hearing Panel convened to review the Referee's report. Respondent made representations to the Panel that he had recently

completed and concluded one of the five clients' matter; however the Committee staff demonstrated in postargument submissions that respondent's claims were false. Before the Hearing Panel and in subsequent submissions, Committee staff requested a recommendation of disbarment. Respondent, despite seeking more than 30 days to prepare his posthearing submission, and then a further week's extension of that time, made no posthearing submission. The Panel adopted the Referee's determination of the facts and the charges but unanimously recommended disbarment.

The Committee now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law set forth in the Hearing Panel's determination and report of the Referee and adopting the recommendation of the Hearing Panel, and directing the disbarment of respondent.

A review of the prehearing stipulation, the 450-page transcript of the proceedings before the Referee, and Committee staff's 64 exhibits received into evidence provide ample support for the findings of fact and conclusions of law made by the Referee and Hearing Panel sustaining all 36 charges. The record before this Court fully demonstrates respondent's repeated neglect of client matters, his failure to promptly return unearned retainers, and, most seriously, his consistent pattern of deliberately deceiving clients, his employer, his judgment creditors and state taxation authorities, the Committee, and, ultimately, the Referee and the Hearing Panel.

Although we agree with the Referee's findings of fact, we conclude that respondent's pattern of egregious and continuing misconduct vitiates whatever credit the Referee may have given respondent for his "cooperation" and that the Hearing Panel's recommendation of disbarment is the appropriate sanction.

This Court has imposed substantial sanctions on attorneys guilty of only a portion of the misconduct which this respondent has been found to have committed. Substantial sanctions have been imposed upon attorneys who have neglected several clients' matters and then misrepresented the status of those matters to the clients (*see e.g. Matter of O'Shea*, 25 AD3d 203 [2005]; *Matter of Leavitt*, 291 AD2d 37 [2002]; *Matter of Ripps*, 228 AD2d 129 [1997]; *Matter of Gill*, 225 AD2d 170 [1996]). Substantial sanctions have also been imposed upon attorneys whose sole misconduct consisted of misusing an attorney escrow account to defraud judgment creditors (*see e.g. Matter of Silva*, 28 AD3d 11

[2006]; *Matter of Goldstein*, 10 AD3d 174 [2004]). Here, in addition, respondent offered nothing germane in mitigation and, in aggravation, has a prior disciplinary history and engaged in subsequent misconduct, as described in the Hearing Panel's determination.

In the instant matter, a pattern of egregious misconduct emerges which, based upon this Court's precedent, supports the Hearing Panel's recommendation that respondent should be disbarred (*see e.g. Matter of Comas*, 40 AD3d 168, 171 [2007] ["Given the sheer breadth and gravity of respondent's uncontradicted egregious, unethical conduct . . . we find that the sanction of disbarment is warranted"], citing *Matter of Muto*, 291 AD2d 188 [2002] and *Matter of Stein*, 189 AD2d 128 [1993]; *see also, Matter of Evangelista*, 233 AD2d 1 [1997]; *Matter of Kranis*, 219 AD2d 278 [1996], *lv denied*, 89 NY2d 805 [1996]).

Finally, although not specifically emphasized in the Committee's papers, the Referee succinctly summarized the factor which separates and defines this matter from all other precedent by stating "[P]erhaps the most serious charge and offense is the deliberate misrepresentations to the Disciplinary Committee." It is not often that this Court is asked to rule on a respondent who has had formal charges sustained against him for giving false testimony in deposition before the Committee during its investigation, in addition to his other misconduct which resulted in disciplinary proceedings (*see Matter of Nuzzo*, 47 AD3d 125 [2007]; *Matter of Leavitt*, 291 AD2d 37 [2002], *supra*). Respondent's lack of candor before the Committee, the Referee and Hearing Panel normally arises in the context of aggravation on the issue of sanction (*see e.g. Matter of Benick*, 293 AD2d 176 [2002]; *Matter of Leavitt*, *supra*; *Matter of Rabinowitz*, 189 AD2d 402 [1993], *lv denied*, 82 NY2d 653 [1993]; *Matter of Pravda*, 96 AD2d 34 [1983], *mod upon rearg* 101 AD2d 80 [1984]). Here, however, as the Referee correctly noted, respondent's pattern of untruthful testimony while under oath before Committee staff constitutes significant misconduct, entirely independent of all his other misconduct which already justifies his disbarment. Unlike the respondent in *Nuzzo* (*supra*), the respondent herein did not confine his false testimony to one deposition involving one client's case. Rather, his false testimony extended through several depositions in 2007, and it involved the matters of three of his clients, as well as his misuse of his client escrow account in connection with evading his judgment creditors and state taxation authorities. Five of the 12 sustained charges alleging violations of DR 1-102 (a) (4) involved this misconduct.

Accordingly the Committee's motion should be granted, the findings of fact and conclusions of law of the Referee and the Hearing Panel confirmed, and respondent disbarred from the practice of law in this state and his name stricken from the roll of attorneys and counselors at law, effective immediately.

GONZALEZ, P.J., TOM, FRIEDMAN, SWEENY and McGUIRE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.