[906 NYS2d 545]

In the Matter of ROBERT A. WALTERS (Admitted as ROBERT ANTHONY WALTERS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 17, 2010

APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

*Pagan & Pagan* (*Ramon W. Pagan* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert A. Walters was admitted to the practice of law in the State of New York by the First Judicial Department on July 6, 1987 as Robert Anthony Walters. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On January 3, 2008, the Departmental Disciplinary Committee filed formal charges against respondent alleging three violations of the Code of Professional Responsibility in that respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Committee's investigation into a client's complaint in violation of DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]); engaged in conduct in violation of DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]) by failing to return the client's unearned retainer in a criminal matter; and engaged in conduct with respect to that client which adversely reflected upon his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Respondent did not formally answer the charges, but admitted them at the hearing.

On August 7, 2008, the Committee filed supplemental charges alleging four Code of Professional Responsibility violations in that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by falsely stating to a Supreme Court Justice the amount of the legal fee he received in a criminal matter and falsely inducing a client to submit an untrue affidavit of indigency, and that by engaging in this misconduct respondent engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and which adversely reflected upon his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Respondent did not formally answer the supplemental charges, but admitted at the hearing that he had falsely stated to the Judge the amount of the legal fee he had received, but denied causing his client to execute a false affidavit.

The Referee held a hearing and by report dated June 10, 2009, sustained all of the charges and recommended a two-year suspension. Regarding the first set of charges, the Referee found that respondent had wrongfully failed to refund to his client the sum of $13,500, a retainer she had paid him in January 2004. She had terminated the engagement in March 2004 but respondent had failed to communicate with her, so she filed a complaint with the Committee.[1] Although respondent asserted before the Referee that he had earned $5,000 of that retainer, the Referee found that respondent had not offered any support or explanation for that assertion. With respect to the supplemental charges, the Referee found that respondent had falsely stated to a Judge that he had received $5,500 as his legal fee for representing a defendant in a criminal case, when in fact respondent had been paid a total of $21,500 for his services and for expert services. Respondent had explained that he misled the court because he wanted the court to approve County Law article 18-B funds to pay for a suppression hearing transcript, expert review, and possibly investigative services in order to best represent his client, whom he believed to be indigent (the $21,500, which had been spent, having been paid by the defendant's fiancée), and that he believed the Judge would be disinclined to approve the funds if the Judge was informed of the $21,500 retainer. While respondent denied lying about his client's indigency and that he had falsely induced his client to submit an untrue affidavit to the Judge claiming that the client was indigent, the Referee sustained that charge.

A majority of the Hearing Panel confirmed the Referee's factual findings and conclusions of law as to all charges except falsely inducing a client to submit an untrue affidavit of indigency and engaging in conduct prejudicial to the administration of justice, which they found had not been proven. The Panel departed from the Referee's recommendation of a two-year suspension, with a majority of the members recommending a one-year suspension and a minority recommending a suspension of between 90 days and six months.

The Committee seeks to confirm the findings of fact and conclusions of law of the Referee and the Hearing Panel (insofar

---

1. The record shows that the Committee admonished respondent for failing to refund the retainer, and that only after the client filed a second complaint seeking the refund did respondent refund a portion of the retainer, with the full amount only eventually refunded over five years after the client had first paid respondent.

as it confirmed the Referee), and a suspension of respondent for no less than one year. In opposition, respondent challenges only the sanction, arguing that, as he is a dedicated attorney who made an egregious mistake for his client's benefit, has shown remorse, and has repaid his client, the Court should impose a suspension of 90 days, or at most, six months.

The Hearing Panel's modification to the Referee's findings on liability, namely, not sustaining the supplemental charges concerning the client's affidavit of indigency, is correct and, therefore, this Court confirms the Hearing Panel's findings of fact and conclusions of law.

Regarding the sanction, while the sustained charges are serious and aggravated by two prior admonitions,[2] respondent presented compelling evidence in mitigation, including the testimony of four character witnesses with impressive backgrounds who spoke highly of respondent's reputation as a lawyer and for truth and veracity, and of his dedication to his clients, indigent criminal defendants who are represented by respondent through the 18-B Panel. It was this dedication which, in a misguided attempt to help his client, apparently influenced respondent's decision to lie to the Judge about the retainer amount, a decision which respondent acknowledges was unjustified and which he deeply regrets. With respect to the retainer, respondent repaid half the retainer by the time of the hearing and thereafter repaid the remainder. Although this does not excuse respondent's conduct, it does reflect an absence of malice and distinguishes this case from more egregious ones involving the failure to return unearned fees (*see e.g. Matter of Alejandro*, 65 AD3d 63 [2009], *appeal dismissed* 13 NY3d 788 [2009], *lv denied* 13 NY3d 714 [2009]; *Matter of Benick*, 293 AD2d 176 [2002]; *compare Matter of Johannes*, 66 AD3d 39 [2009]; *Matter of Kleefield*, 22 AD3d 94 [2005]).

Based upon the foregoing, we conclude that a six-month suspension is warranted.

Accordingly, the Committee's petition is granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel, and respondent is suspended from the practice of law for a period of six months.

---

**2.** In addition to the admonition for failing to refund the client's retainer, respondent received an admonition in 2004 relating to a dispute that he had regarding a subleased condominium apartment and delinquency in making payments.

GONZALEZ, P.J., SAXE, MOSKOWITZ, ABDUS-SALAAM and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective September 17, 2010 and until the further order of this Court.