[906 NYS2d 548]

In the Matter of NILDA M. DE LOS SANTOS (Admitted as NILDA MARIA DE LOS SANTOS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 24, 2010

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Orlando Reyes* of counsel), for petitioner.

*Nilda M. de los Santos*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Nilda M. de los Santos was admitted to the practice of law in the State of New York by the First Judicial Department on March 4, 1985, as Nilda Maria de los Santos. At all times relevant to this proceeding, she has maintained a law practice within this Department. Respondent has been delinquent in her attorney registration with the Office of Court Administration since 2007. Pro se, she has not appeared in response to the petition.

On April 30, 2009, the Disciplinary Committee filed formal charges alleging 18 violations of the code based on the complaints of six clients. The charges alleged that respondent violated Code of Professional Responsibility DR 1-102 (a) (4) (four counts), (5) and (7) and DR 2-110 (a) (1) (two counts) and (3) (five counts) and DR 6-101 (a) (3) (five counts) (22 NYCRR 1200.3, 1200.15, 1200.30), by, inter alia, neglecting six clients' divorce matters, falsely stating to a complainant that she had filed papers with the court on his case, falsely promising a complainant that she would complete his matter, falsely promising two complainants that she would return their unearned fees, and for failing to cooperate with the Committee. Respondent did not formally answer the charges, but admitted them at the hearing, explaining that the events occurred while she was suffering from untreated mental health problems.

A Referee held a hearing and by a report dated September 8, 2009 sustained all charges and recommended an 18-month suspension with certain conditions before reinstatement. It was noted that respondent had submitted character letters from two attorneys who knew her from the 18-B Panel, but that in aggravation, the Committee had introduced a letter of admonition, dated August 10, 2005, which arose from the neglect of a client matter in 2003, when respondent became overwhelmed with her practice and the case "fell beneath the cracks."

The Hearing Panel confirmed the Referee's findings of fact and conclusions of law and the recommended 18-month suspension with conditioned reinstatement, noting that respondent had acknowledged that an 18-month suspension would be appropriate under the circumstances.

The Committee seeks an order confirming the findings of fact, conclusions of law and recommendations of the Referee and the Hearing Panel.

We confirm the Referee and the Hearing Panel's findings of fact and conclusions of law and the recommended sanction of 18 months suspension as amply supported by the record, which includes respondent's admissions. Respondent's misconduct of neglecting six divorce matters, failing to return unearned fees, lying to clients to conceal her neglect, and failing to fully cooperate with the Committee, coupled with her letter of admonition, warrants an 18-month suspension (*see generally Matter of Benick*, 293 AD2d 176 [2002]; *Matter of Leavitt*, 291 AD2d 37 [2002]). The determination of the Hearing Panel is disaffirmed to the extent it seeks to impose conditions upon respondent's application for reinstatement as presently unnecessary.

Accordingly, the Committee's petition is granted to the extent of suspending respondent from the practice of law for a period of 18 months.

TOM, J.P., FRIEDMAN, SWEENY, NARDELLI and ABDUS-SALAAM, JJ., concur.

Respondent suspended from the roll of attorneys and counselors-at-law in the State of New York for a period of 18 months, effective the date hereof and until further order of this Court.