[787 NYS2d 40]

In the Matter of KEMAKOLAM COMAS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Kemakolam Comas*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Kemakolam Comas was admitted to the practice of law in the State of New York by the First Judicial Department on July 14, 1997 and, at all times relevant to this proceeding, has maintained an office for the practice of law within this Judicial Department.

The Departmental Disciplinary Committee (the Committee), by motion dated September 20, 2004, moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law, until further order of this Court, due to his willful failure to cooperate with the Committee in its investigation of several complaints.

By separate notice of motion dated November 1, 2004, the Committee seeks an order, pursuant to 22 NYCRR 603.13 (g), appointing an attorney or attorneys to inventory respondent's files, and to take such action as seems indicated to protect the interests of his clients.

In June 2004, a client of respondent's filed a complaint with the Committee alleging that she paid respondent $400 to file the forms required to close her catering company, but that he never provided copies of the documents he claimed to have filed, causing her to incur additional expenses and tax penalties. The Committee subsequently forwarded the complaint to respondent on July 6 and August 3, 2004, requesting an answer within 10 and 20 days, respectively, and although respondent's assistant signed for the August 3rd letter, which was certified, the Committee never received a response. In addition, respondent appeared at the Committee's office to be deposed regarding other open complaints against him on August 10, 2004, but failed to provide a written response to the complaint at that time. Respondent also failed to comply with a judicial subpoena duces tecum requiring him to produce his file regarding this matter and to appear for a deposition on September 8, 2004. Respondent did leave the Committee voice mail messages, at one point claiming he was at home recuperating from malaria, and also provided two phone numbers, one which went unanswered and the other which was simply a wrong number.

On April 6, 2004, the Committee received another complaint in which he alleged that he had paid respondent $1,000 to file a petition on his behalf with the United States Immigration and

Naturalization Service (the INS) for permanent residency. The Committee thereafter requested respondent provide a copy of the application he allegedly filed on behalf of this client, and a copy of the check or money order used to pay the fees associated with the application. Respondent subsequently forwarded to the Committee what was purported to be an application filed on this client's behalf in the "Summer of 2003," yet the notice of appearance contained therein is dated May 5, 2004, and the application for employment authorization, dated August 5, 2003, lists an office address for respondent that he did not occupy until February 2004.

The Committee, in May 2004, reaffirmed its request for a copy of the check or money order used to pay the filing fees, and on June 4, 2004, respondent informed the Committee that he was searching his records for this information. The Committee again requested the documentation on June 22, 2004 and on July 6, 2004, the Committee forwarded this client's complaint to respondent, requesting an answer within 20 days. Respondent, to date, has not responded to the complaint, provided the documentation, or otherwise contacted the Committee.

On June 30, 2004, the Committee received a complaint from another client who asserted that he retained respondent to appear with him at an interview with the INS, but respondent never appeared. This client contends that he asked respondent to return his documents, but respondent refused. The Committee forwarded this complaint to respondent on July 13, 2004, requesting an answer within 20 days, but respondent has not responded to the complaint, sought an adjournment or otherwise contacted the Committee.

On October 25, 2004, the Committee received a telephone call from David Harary, Esq., who shared an office suite with respondent while maintaining a separate practice. Mr. Harary reported that respondent had appeared at his office only once since mid-August, and that respondent's clients have stopped by, some on a daily basis, seeking legal assistance in immigration, matrimonial and other matters, and "beg" for the return of important documents in their files. Mr. Harary stated that he plans to move out of the suite as soon as alternative space becomes available and that as a result, there will be no one to look after respondent's client's files and personal effects. Mr. Harary provided the Committee with a new business telephone number for respondent in upstate Fulton County, New York.

The Committee contacted respondent that same day, at which time he admitted to being out of his office since mid-August, al-

though he denied having been unreachable, claiming that he had given many of his clients his cell phone number, and that others were being helped by his nonlawyer assistant. Respondent refused to provide a mailing address in Fulton County for future correspondence from the Committee, but stated he would be back in his office on October 29, 2004. A staff investigator for the Committee then met Mr. Harary at the office suite on October 25, 2004, and estimated that respondent had 240 client files in his possession. The Committee subsequently telephoned Mr. Harary at 4:00 P.M. on October 29, 2004, and ascertained that respondent had not appeared at his office that day as he had previously stated he would.

On November 3, 2004, respondent, pro se, submitted a late answer to the Committee's initial motion in which he explained that he was in Africa from August 17 through September 9, 2004 because his father underwent surgery, thus missing the deposition scheduled for September 8, 2004. Respondent also avers that he was stricken with malaria, and was too ill to work from September 13 to September 27, 2004, although respondent does not submit a medical affidavit or medical records to verify this claim. Moreover, respondent does not explain why he did not respond to the disciplinary complaints from mid-July until he left for Africa in mid-August, or why he failed to respond to the within motion from September 27 to November 3, 2004. Indeed, respondent has still not provided the documentation or answers requested by the Committee on numerous occasions. Respondent states that he did not see the within motion papers until October 28, 2004 because he was assisting two foreign executives of a major corporate client in Fulton County, and has essentially admitted to not tending to his law practice from August 17, 2004 to the present.

22 NYCRR 603.4 (e) (1) (i) provides that an attorney may be suspended from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest, based upon a finding of "the attorney's failure . . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation."

Here, the Committee has clearly established that respondent has thwarted its investigation into three complaints, ignored a subpoena issued by this Court, and ignored the Committee's repeated directives seeking his cooperation. Under these cir-

cumstances, we conclude that respondent's conduct evinces a "shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137 [1988]).

Moreover, there is ample evidence in the record to support the Committee's request for the appointment of an attorney to take such action as necessary to protect the interests of respondent's clients as it is clear that respondent has, essentially, abandoned his practice.

Accordingly, the Committee's motions should be granted, respondent suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, until such time as disciplinary proceedings have been concluded, and until further order of this Court, and an attorney should be appointed to inventory respondent's files and take such action as necessary to protect the interests of respondent's clients, in accordance with Rules of this Court (22 NYCRR) § 603.13 (g).

BUCKLEY, P.J., NARDELLI, SAXE, SULLIVAN and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court; an attorney is appointed to inventory respondent's files, as indicated.