[833 NYS2d 55]

In the Matter of KEMAKOLAM COMAS, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 29, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jeremy S. Garber* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Kemakolam Comas was admitted to the practice of law in the State of New York by the First Judicial Department on July 14, 1997 and, at all times relevant to this proceeding, has maintained an office for the practice of law within this Judicial Department.

This Court, by order entered December 28, 2004 (*Matter of Comas,* 14 AD3d 89 [2004]), granted a prior application by the Departmental Disciplinary Committee (the Committee) immediately suspending respondent from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i), and appointing an attorney (receiver) to inventory respondent's files and to take such action as necessary to protect the interests of respondent's clients in accordance with 22 NYCRR 603.13 (g). This Court found, inter alia, that:

> "the Committee has clearly established that respondent has thwarted its investigation into three complaints, ignored a subpoena issued by this Court, and ignored the Committee's repeated directives seeking his cooperation. Under these circumstances, we conclude that respondent's conduct evinces a 'shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation' (*Matter of Gordon,* 142 AD2d 135, 137 [1988])" (*Matter of Comas,* 14 AD3d 89, 92-93 [2004]).

The Committee now moves for an order, pursuant to 22 NYCRR 603.4 (d), confirming the report of the Hearing Panel and disbarring respondent from the practice of law in the State of New York. The receiver moves, by a separate notice of motion, for an order holding respondent in civil contempt.

On December 29, 2005, respondent was served with a notice and statement of charges alleging 19 counts of professional

misconduct including: misappropriating client payments intended for filing fees; neglect; knowingly drafting a check on an account with no funds; misrepresentations to clients and the Committee regarding the status of Immigration and Naturalization Service (INS) applications he falsely claimed to have filed; falsely backdating an INS application; commingling client funds; failing to keep proper bookkeeping records for his escrow account; abandoning all but one of his clients for four months; and failing to cooperate with the Committee's investigation. Respondent neglected to respond to the charges and ignored numerous attempts by the Committee to communicate with him.

A hearing was then held before a Referee, despite respondent's failure to appear, and the Committee's application that the charges be deemed admitted and, therefore, sustained, was granted. The Referee further concluded that notwithstanding respondent's default, the Committee had produced ample documentary evidence that established the allegations of professional misconduct, including: dishonesty, fraud, deceit, or misrepresentation, in violation of code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3); conduct that adversely reflected on his fitness to practice law, in violation of DR 1-102 (a) (7); improper conversion of client funds, in violation of DR 1-102 (a) (4); commingling his own funds with client funds, in violation of DR 9-102 (a) and (b) (22 NYCRR 1200.46); failing to keep proper bookkeeping records for his escrow account, in violation of DR 9-102 (d) (1), (2) and (9) and DR 9-102 (j); drafting a check to the INS on an account with insufficient funds and neglecting to replace the dishonored check, thereby failing to seek the lawful objective of a client and prejudicing or damaging that client during the professional relationship, in violation of DR 7-101 (a) (1) and (3) (22 NYCRR 1200.32); altering a client's money order by making it payable to himself, rather than to the INS, and thereafter depositing it into his personal account, in violation of DR 1-102 (a) (4) and (7); neglecting client matters by failing to file immigration and other documents, in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30); and backdating an INS application, lying to the Committee about checks written to the INS, lying to clients about the status of their matters, and failing to submit answers to several complaints, or to submit to a court-ordered deposition, in violation of DR 1-102 (a) (4), (5) and (7). The Referee recommended, in view of the foregoing, and in the absence of any mitigating circumstances, that respondent be disbarred.

Respondent was subsequently given notice of the Referee's report, but again failed to make any attempt to contact the Committee in order to set a hearing date. The Hearing Panel, in a report dated December 6, 2006, recommended the adoption of the Referee's report in its entirety, including the sanction of disbarment. The Panel succinctly concluded that:

"The Panel has reviewed the record. Respondent has converted client funds on multiple occasions, has neglected—indeed, abandoned—client matters entrusted to him by highly vulnerable members of our society, has altered negotiable instruments, has failed to maintain a proper escrow account, has lied to his clients and to the Committee and has evidenced an utter disdain for the judicial process. He is clearly unfit to practice law."

Respondent, in response to the Committee's within motion to confirm the Hearing Panel's report, sustain all charges and impose the recommended sanction of disbarment, has again failed to appear. Given the sheer breadth and gravity of respondent's uncontradicted egregious, unethical conduct, including the lack of cooperation with these proceedings, multiple acts of deception, several improprieties involving his escrow account, abandonment of his law practice for four months, the conversion of funds, and his failure to file important documents with the INS on behalf of vulnerable individuals, we find that the sanction of disbarment is warranted (*see Matter of Muto*, 291 AD2d 188 [2002]; *Matter of Stein*, 189 AD2d 128 [1993]).

With regard to the receiver's motion to hold respondent in civil contempt, the receiver initially filed a motion to compel respondent's cooperation, detailing his failed attempts to communicate with respondent and collect the relevant files. Respondent had produced a small number of files, but it was clear a large number of files had not been turned over. This Court, by order entered June 16, 2005, directed respondent to turn over all of his clients' files, without exception, by July 11, 2005, and to deliver an affidavit to the receiver affirmatively stating that he had done so. The order also stated that respondent's failure to so comply "shall provide the basis for an application to HOLD RESPONDENT IN CIVIL CONTEMPT AND THE IMPOSITION OF SANCTIONS."

Respondent, one day past the deadline imposed by this Court, turned some additional files over to the receiver, but it was

clear that several identifiable files were missing, prompting the receiver to forward a written request to respondent demanding the complete surrender of his files. On or about August 11, 2005, some additional files were delivered to the receiver, but many more files, specifically identified by the receiver, were still missing. Moreover, many of respondent's immigration clients, or their new counsel, continued to contact the receiver seeking the return of their files.

The receiver, on September 26, 2005, moved for an order, pursuant to CPLR 5104 and Judiciary Law § 753, holding respondent in civil contempt of court for his willful failure to comply with this Court's order of June 16, 2005. Respondent, appearing pro se, submitted an untimely answer wherein he neglected to address the location of any of the specific files delineated by the receiver in his motion, and also failed to produce the affidavit of compliance ordered by this Court.

By order entered December 19, 2005, this Court granted the receiver's motion and appointed a Referee to conduct a hearing and file a report "with respect to the issue pertinent to the application for a finding of civil contempt." Respondent, despite receiving ample notice, did not appear for the scheduled May 16, 2006 hearing, at which the receiver testified, and introduced exhibits, clearly demonstrating respondent's refusal to comply with this Court's order of June 16, 2005.

The Referee, in a report dated August 4, 2006, found that: this Court's order of June 16, 2005, directed respondent to turn over all of his files to the receiver "in their entirety and without exception" by July 11, 2005; respondent failed to comply with that order; respondent was given ample notice of the contempt hearing but failed to appear; and respondent failed to communicate, "in any respect, any excuse or justification for his failure to comply," or to appear on May 16, 2006. The Referee concluded that respondent had "deliberately refused to obey the order of this Court" and recommended respondent be found in civil contempt and "severely punished for his willful and deliberate refusal to obey the aforesaid order of this Court."

The Referee thereafter submitted his report and recommendation to hold respondent in contempt to this Court, and a copy of said report was served on respondent on or about August 4, 2006 by certified mail, return receipt requested, and by regular mail. Respondent, not deviating from prior practice, did not submit a response.

Judiciary Law § 753 authorizes the Court to punish a party for civil contempt when there is:

"A neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in any of the following cases: . . .

"3. A party to the action . . . or other person, . . . for any . . . disobedience to a lawful mandate of the court."

In view of the foregoing, we now conclude that the Referee's finding of contempt has abundant support in the record insofar as an order of this Court was in effect, respondent had knowledge of the order, he knowingly disobeyed the express and unequivocal directions set forth therein, and he intentionally impaired the rights and remedies of the Court-appointed receiver concerning this proceeding. Indeed, in our view, respondent's conduct throughout the course of this matter has been nothing less than astounding and his continued, blatant defiance, in the face of Court directives to produce his files, cooperate with the receiver, and cooperate with the Committee, requires us to impose a severe penalty. As a result, respondent is fined a sum of $1,000 and directed to serve a term of 10 days' incarceration.

Accordingly, the Committee's petition should be granted, the findings of fact and conclusions of law of the Hearing Panel confirmed, and respondent disbarred from the practice of law in this State and his name stricken from the roll of attorneys and counselors-at-law, effective immediately. In addition, the receiver's motion should be granted, respondent found in civil contempt, fined $1,000 and directed to serve 10 days' incarceration.

SAXE, J.P., SULLIVAN, NARDELLI, BUCKLEY and GONZALEZ, JJ., concur.

Finding of civil contempt confirmed, respondent fined $1,000 and directed to serve a term of 10 days' incarceration, as indicated; respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.