[48 NYS3d 760]

In the Matter of JOSEPH R. SANCHEZ (Admitted as JOSEPH RAYMOND SANCHEZ), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 15, 2017

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sasha N. Holguin* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By opinion and order dated January 27, 2015, the Supreme Court of Oregon suspended the respondent from the practice of law for a period of one year for violations of Oregon Rules of Professional Conduct (hereinafter RPC) rules 8.1 (a) (1) (knowingly making a false statement of material fact) and 8.4 (a) (3) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

The respondent was admitted to the Oregon Bar in 2003 and the Maine Bar in 2004.

The underlying facts, as set forth in the Oregon Supreme Court's opinion and order, briefly summarized, are as follows: The respondent was required to complete 45 hours of continuing legal education (hereinafter CLE) courses, a mandatory requirement, for the 2009 to 2011 reporting period. On April 11, 2012, at approximately 10:51 a.m. PST, the respondent purchased a set of CLE courses (Specialty Oregon Bundle) from Lawline, Inc. On April 13, 2012, at approximately 11:14 a.m. PST, the respondent submitted to the Oregon Bar an MCLE compliance report, in which he certified that he had completed his MCLE requirements. The compliance report listed all the courses the respondent purchased, and indicated that he completed them on the same date, April 12, 2012. On April 13, 2012, at 3:54 p.m. PST, the MCLE administrator for the Oregon Bar contacted the respondent and inquired how he watched/listened to 48 hours of CLE courses in one day, as indicated in his compliance report, asking him, "How did you do that?" The respondent responded to the inquiry by providing copies of his CLE completion certificates. As these certificates were printed within a 7-hour period, the administrator asked the respondent how he completed 48 hours of CLE courses in fewer than 7 hours. The respondent replied that he actually started viewing/listening on April 11, 2012.

The matter was referred to Chris Mullmann, the assistant general counsel of the Oregon Bar, who contacted the respondent and asked for an account of what occurred. The respondent responded that he actually began the courses on April 11, 2012, and finished them on April 12, 2012. Unsatisfied with

the respondent's response, Martha Hicks, assistant disciplinary counsel, wrote to the respondent and advised him that the compliance report he submitted raised concerns about his conduct and potentially implicated provisions of Oregon RPC rule 8.4 (a) (3). The respondent was asked to provide additional information to corroborate his account. In an affidavit submitted to Hicks, the respondent stated that he completed the entire bundle of courses "either late on April 12, 2012 or at some point early on April 13, 2012." During a telephonic deposition, the respondent stated, "I did finish on the 12th, and I turned [the compliance report] in on the 13th. So that for sure is true." Subsequently during his deposition, the respondent backtracked and stated that he may have completed some courses on April 13, 2012.

A trial was held on January 22, 2015. The respondent testified that he took the courses on April 11, 2012, and April 12, 2012, although later in his testimony he stated, for the first time, that he may have begun taking the courses as early as April 10, 2012. When questioned why none of his prior statements mentioned that he began taking the courses on April 10, 2012, the respondent provided answers which the trial panel found to be "evasive, incomplete and/or untruthful."

The trial panel found the respondent's overall testimony lacking in credibility:

> "His testimony was inconsistent with his prior writings, including an affidavit he prepared and signed under oath in 2012. The testimony he provided at the hearing was inconsistent with the testimony he previously provided at his deposition in this matter on September 3, 2014, which was also provided under oath. The [respondent] presented facts during his testimony that he had never presented before, notwithstanding having had multiple opportunities to have done so during the course of the [Oregon] Bar's investigation. Put simply, the panel finds that the [respondent's] testimony was untruthful. Lastly, the panel finds that the [respondent] made his misrepresentations knowingly and intentionally. The [respondent] was provided multiple opportunities to explain how he could have possibly fit 48 hours of work into a shorter (and potentially significantly shorter) period of time and each time he failed to do so. It is clear he changed

the facts over time, [and] added 'explanations' when prior ones were not accepted, with each subsequent explanation less plausible than the prior."

The trial panel concluded that the respondent violated his duty to the public and to the legal profession when he intentionally and knowingly misrepresented to both Lawline and the Oregon Bar the fact that he had attended and successfully completed the CLE courses he had purchased.

In determining the sanction to be imposed, the trial panel noted the following aggravating factors: the respondent acted with a selfish motive, never acknowledged the wrongful nature of his conduct, was not candid during the proceedings, and repeatedly made misrepresentations to both Lawline and to the Oregon Bar. While noting that this was the respondent's first disciplinary offense, and the matter involved only misrepresentations about satisfying his CLE obligations, the trial panel found that there were no mitigating factors. Due to the respondent's "repeated pattern of dishonesty, raising extreme concern that the [respondent] would engage in similar conduct in the future," the trial panel imposed a one-year suspension from the practice of law.

The respondent has no prior disciplinary history in New York.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to former 22 NYCRR 691.3 informing him of his right to, within 20 days, file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in former 22 NYCRR 691.3 (c). Although duly served by the Grievance Committee on May 13, 2016, the respondent neither filed a verified statement asserting any of the enumerated defenses nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based on the findings of the Supreme Court of Oregon, reciprocal discipline is imposed and the respondent is suspended from the practice of law for a period of one year.

Eng, P.J., Rivera, Dillon, Balkin and Cohen, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 1240.13 (c), as now in effect, the respondent, Joseph R. Sanchez, admitted as Joseph

Raymond Sanchez, is suspended from the practice of law for a period of one year, commencing April 14, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 12, 2018. In such application, the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Joseph R. Sanchez, admitted as Joseph Raymond Sanchez, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Joseph R. Sanchez, admitted as Joseph Raymond Sanchez, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joseph R. Sanchez, admitted as Joseph Raymond Sanchez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).