Matter of Vinciguerra (2020 NY Slip Op 05140)





Matter of Vinciguerra


2020 NY Slip Op 05140


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,J.P.,
Cynthia S. Kern
Anil C. Singh
Peter H. Moulton
Lizbeth González, JJ.


Motion No. 8465 & 2232 Case No. 2018-00113 

[*1]In the Matter of Lori Vinciguerra, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lori Vinciguerra, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 19, 1986.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kathy W. Parrino, of counsel), for petitioner.
Richard E. Mischel, Esq., for respondent.



Per Curiam 


Motion No. 8465 & 2232 - August 3, 2020
In the Matter of LORI VINCIGUERRA, an Attorney
Per Curiam Respondent Lori Vinciguerra was admitted to the practice of law in the State of New York by the Second Judicial Department on March 19, 1986, under the name Lori Barenkopf. Respondent currently maintains a registered address within the First Judicial Department.
By order of October 21, 2010, this Court suspended respondent from the practice of law, until further order of this Court, as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees in violation of Judiciary Law § 468-a (Matter of Attorneys Who Are in Violation of Judiciary Law § 468-a, 79 AD3d 81, 168 [1st Dept 2010]).
In 2019, the Attorney Grievance Committee (AGC) filed a Petition of Charges against respondent alleging that she: failed to meet her registration obligations from 2004 to 2018, failed to provide the Office of Court Administration (OCA) with her updated contact information as required, engaged in the unauthorized practice of law while suspended, submitted an affidavit in support of a motion for reinstatement in which she incorrectly attested that she was in full compliance with CLE requirements without first verifying such was the case, and failed to promptly comply with the AGC's request for her employment history.
Now, by joint notice of motion, the AGC and respondent ask this Court, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), to suspend her for 3½ years.
Pursuant to 22 NYCRR 1240.8(a)(5)(i), the motion is supported by a joint affirmation which contains a statement of facts, conditional admissions of professional misconduct, factors in aggravation and mitigation, and agreed upon discipline. Pursuant to 22 NYCRR 1240.8(a)(5)(iii), the motion is accompanied by respondent's affidavit acknowledging her admission to the stipulated facts, her consent to the agreed-upon discipline, which she has freely and voluntarily given, and her full awareness of the consequences of such consent.
From 2004 to 2018 respondent failed to file attorney registration statements and pay the required fees, nor did she provide OCA with updated contact information, which resulted in her October 21, 2010 suspension.
Notwithstanding her October 21, 2010 suspension, respondent continued to practice law and held herself out as an attorney to her employers until May 31, 2018.
In June 2018, respondent moved for reinstatement to the practice of law which the AGC did not oppose because no complaints had been filed against her at the time. Respondent was reinstated on July 5, 2018.
On June 21, 2018, the AGC received a letter from respondent's former employer advising that on May 30, 2018 BNY Mellon learned that respondent, who worked as an attorney for BNY Mellon's wholly owned subsidiary Pershing LLC, had been suspended. Notwithstanding her suspension, since her hiring in September 2015, and several times throughout her employment, she represented to BNY Mellon that she was licensed to practice law in New York, and it appeared she worked in a legal role at Pershing while suspended. On or about May 31, 2018, BNY Mellon confronted respondent with its discovery of her suspension and terminated her employment on June 1, 2018. Respondent is presently employed at a law firm.
During her August 14, 2019 deposition before the AGC, respondent admitted that she received notices that her attorney registration was delinquent, but she was unaware that her license to practice law was suspended until her employment was terminated.
In her June 8, 2018 affidavit in support of her motion for reinstatement, respondent asserted that even though she was delinquent in fulfilling her registration obligations, her intention was to do so, as evidenced by the fact that she purportedly fulfilled her CLE requirements (24 credits each biennial period) and she attested that she had certificates of attendance to verify such. The AGC requested that respondent produce her CLE certificates documenting at least 24 credits for each biennial cycle since 2002. Respondent was unable to evidence full compliance since some certificates for this period "were apparently lost." In addition, between May and June 2019, the AGC made several requests for respondent to produce a list of all her employers since 2002 but she did not provide the list until August 2019.
Respondent conditionally admits that her actions, as set forth above, violated the three charges alleged in the Petition of Charges:
Respondent engaged in the unauthorized practice of law in violation of New York Rules of Professional Conduct (RPC) 5.5(a), Judiciary Law § 478, and 22 NYCRR 1240.15 (governing the conduct of suspended attorneys) when she practiced law in New York after she was suspended by this Court on October 21, 2010 to June 1, 2018 when her employment with BNY Mellon was terminated;
Respondent engaged in conduct prejudicial to the administration of justice in violation of RPC 8.4(d), Judicial Law § 468-a, and 22 NYCRR 118.1(c) and (f) when she failed to register and pay her biennial attorney registration fees from 2004 to 2018 and did not update her contact information with OCA;
Respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of RPC 8.4(h) when she made the incorrect sworn representations in the 2018 affidavit supporting her reinstatement motion that she was in full compliance with her CLE requirements and that she had CLE certificates evidencing at least 24 credits for every biennial registration period since 2002 without first verifying the accuracy thereof and for failing to promptly comply with the Committee's request for a list of her employers since 2002.
The parties have stipulated to the following factors in aggravation:
Respondent admits that at some point she became aware that her attorney registration was delinquent, but she failed to take any steps to bring her registration current and pay the outstanding registration fees.
The parties have stipulated to the following factors in mitigation:
Respondent has shown remorse and acceptance of responsibility for her misconduct, she presented letters attesting to her good character, and she has no prior discipline.
The parties agree that the appropriate sanction is a 3½-year suspension. In support, they cite Matter of Giovati (171 AD3d 214 [1st Dept 2019]) and Matter of Vayer (169 AD3d 78 [1st Dept 2019]). The parties argue that a 3½-year suspension is appropriate given the circumstances of respondent's case.
In light of respondent's admitted misconduct, the aggravating and mitigating factors presented, and the relevant case law, the parties' motion for discipline by consent should be granted and respondent is suspended from the practice of law in the State of New York for a period of 3½ years and until further order of this Court. The AGC's Petition of Charges should be denied as moot.
All concur.
It is ordered that the parties' joint motion for discipline by consent (M-2232) is granted and respondent is suspended from the practice of law in the State of New York for a period of three and one-half years, commencing October 26, 2020 , and continuing until further order of this Court; the Petition of Charges is denied as moot, and,
It is further ordered that during her period of suspension, and until further order of this Court respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; and respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), a copy of which is annexed hereto and made a part hereof, and
It is further ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
Entered: [September 29, 2020]