Matter of Garnsey (2020 NY Slip Op 06398)





Matter of Garnsey


2020 NY Slip Op 06398


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
David Friedman
Ellen Gesmer
Cynthia S. Kern
Lizbeth González, JJ.


Motion No. 3200 Case No. 2020-03099 

[*1]In the Matter of Robert F. Garnsey (Admitted as Robert Francis Garnsey), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert F. Garnsey, (OCA Atty. Reg. No. 2601789) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Fourth Judicial Department on February 14, 1994.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin M. Doyle, of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Robert F. Garnsey was admitted to the practice of law in the State of New York by the Fourth Judicial Department on February 14, 1994, under the name Robert Francis Garnsey. Respondent currently maintains a registered address within the First Department.
By order of January 30, 2017 (M-6274), this Court suspended respondent from the practice of law, until further order of this Court, as part of a mass suspension proceeding for failure to file attorney registration statements and pay biennial registration fees in violation of Judiciary Law § 468-a. Notice of suspension was rendered through publication in the New York Law Journal.
In July 2020, the Attorney Grievance Committee (AGC) filed a Petition of Charges against respondent alleging that he engaged in the unauthorized practice of law when he practiced law in New York following his January 30, 2017 suspension; engaged in conduct prejudicial to the administration of justice when he failed to register, pay fees and update his contact information with the Office of Court Administration (OCA) for many years; and engaged in conduct that adversely reflects on his fitness as a lawyer when he failed to fulfill his CLE requirements.
The AGC and respondent now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and request the imposition of a 24-month suspension, effective nunc pro tunc to March 15, 2019, the date on which respondent learned of his suspension and ceased practicing law. The parties agree on the stipulated facts, including the misconduct itself and factors in aggravation and mitigation, and on the discipline.
The following factual specifications are not in dispute: Notwithstanding his suspension on January 30, 2017, respondent continued to practice law, albeit part-time, to supplement his income as a voice artist. On September 13, 2018 and February 11, 2019, respondent orally argued an appeal before the Appellate Division, Second Department. In addition to these appearances, respondent worked as an attorney on 13 other litigation matters following his suspension from the practice of law. Respondent ceased practicing law as a suspended attorney after AGC staff telephoned him on March 15, 2019, informing him of the complaint filed against him. Respondent stated then and currently maintains that he was not aware that he had been suspended, but fully concedes that given "the length of time [his] registration had been delinquent," he failed to "exercise due diligence" and can "offer no reasonable excuse for [his] egregious neglect and exceedingly poor judgment." According to OCA records, respondent received delinquency notices at his home in April 2012, April 2014, April 2016 and April 2018.
As required, respondent conditionally admits the foregoing facts and that he ran afoul of the New York Rules of Professional Conduct (22 NYCRR 1200.0) insofar as he: (1) engaged in the unauthorized practice of law when he practiced law in New York after his January 30, 2017 suspension and until March 15, 2019, when he stated that he would cease and desist practicing law, in violation of rule 5.5(a), 22 NYCRR 1240.15 and Judiciary Law §478; (2) engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) and Judiciary Law §468-a when, commencing with the 2010/2011 biennial registration period, he failed to register, pay fees and update his contact information with OCA; and (3) engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) and 22 NYCRR 1500.22 when, commencing with the 2010/2011 biennial period, he failed to fulfill his CLE requirements.
Respondent consents to the agreed discipline of a 24-month suspension, effective nunc pro tunc to March 15, 2019, which consent is given freely and voluntarily, without coercion or duress and with full awareness of the consequences of consenting to such discipline.
In mitigation, respondent asserts, inter alia, that he had an unblemished disciplinary history; that he immediately accepted responsibility for his unauthorized practice of law upon notification, and expressed remorse for his failure to exercise due diligence to ascertain whether he remained in good standing; that his misconduct did not entail dishonesty; that he fulfilled more than the number of CLE requirements he owed on his multi-year delinquency, and has paid his delinquent registration fees through the 2020/2021 registration period; that he has manifested good character by undertaking pro bono representation; and that he fully cooperated with and was exceptionally responsive to the AGC.
The parties agree that there are aggravating factors present, specifically, that respondent's registration failures saved him time and money, which demonstrated a selfish motive; that respondent engaged in a pattern of misconduct by representing parties in over a dozen matters while not authorized to practice law; that respondent failed to pay his registration fees and to earn required CLE credits over the course of four registration cycles; and, given his 1994 admission, that respondent committed his misconduct despite having substantial experience in the practice of law.
The parties contend that the agreed upon discipline of a 24-month suspension, effective nunc pro tunc to March 15, 2019 is appropriate given "respondent's remorse, demonstrated in word and remedial action" and that "his suspension for cause need not prevent his return to good standing within a reasonable time."
In light of respondent's admitted misconduct, the relatively short period of time he practiced while suspended, the aggravating and mitigating factors presented and the relevant case law (see e.g., Matter of Vinciguerra, __AD3d__, 2020 NY Slip Op 05140 [1st Dept 2020]; Matter of Giovati, 171 AD3d 214 [1st Dept 2019]; Matter of Vayer, 169 AD3d 78 [1st Dept 2019]), the parties' motion for discipline by consent should be granted and respondent is suspended from the practice of law in the State of New York for a period of 24 months, effective nunc pro tunc to March 15, 2019, and until further order of the Court. The AGC's petition of charges is denied as moot.
All concur.
It is ordered that the parties' joint motion for discipline by consent (M-3200) is granted and respondent is suspended from the practice of law in the State of New York for a period of 24 months , effective nunc pro tunc to March 15, 2019, and until further order of this Court; the Petition of Charges is denied as moot, and,
It is further ordered that during his period of suspension, and until further order of this Court respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; and respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made a part hereof, and
It is further ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
Entered. [November 10, 2020]