Matter of Sanchez (2022 NY Slip Op 02805)

Matter of Sanchez

2022 NY Slip Op 02805

Decided on April 27, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2021-04001

[*1]In the Matter of Joseph Raymond Sanchez, a suspended attorney. (Attorney Registration No. 3050341.)

The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the First Judicial Department on May 1, 2000. By order to show cause dated June 24, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Maine Supreme Judicial Court dated June 19, 2019. In an unrelated proceeding, by opinion and order of this Court dated March 15, 2017, the respondent was suspended from the practice of law for a period of one year, commencing April 14, 2017, and continuing until further order of this Court (Matter of Sanchez, 149 AD3d 141).

Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for Grievance Committee for the Tenth Judicial District.

PER CURIAM.

OPINION & ORDER
By order dated June 19, 2019, the Maine Supreme Judicial Court suspended the respondent from the practice of law for a period of one year, effective as of the date of the order, for his violation of Maine Rules of Professional Conduct rules 1.3 (diligence), 1.4(a) (communication), and 5.3(b) (responsibilities regarding nonlawyer assistants).
Maine Proceeding
The respondent was admitted to practice law in Maine in 2003. On October 16, 2015, the respondent was administratively suspended from the practice of law in Maine, and he was still under suspension during the new disciplinary proceeding commenced in 2018. On July 30, 2018, the Maine Board of Overseers of the Bar (hereinafter the Board) filed a disciplinary petition against the respondent, charging him with violating Maine Rules of Professional Conduct rules 1.3 (diligence), 1.4(a) (communication), and 5.3(b) (responsibilities regarding nonlawyer assistants). On June 10, 2019, a hearing was conducted before Panel D of the Grievance Commission (hereinafter the Grievance Commission Panel), where the respondent appeared pro se. Prior to the hearing, the parties negotiated a proposed settlement and submitted a proposed stipulated report of findings and order, seeking discipline on consent, for the Grievance Commission Panel's review and consideration. Therein, the respondent did not admit to the allegations made against him by the Board, but he voluntarily chose not to contest those allegations and agreed to the proposed stipulated report of findings and order, and discipline in the form of a one-year suspension.
With that understanding, the Grievance Commission Panel then issued a stipulated report of findings and order dated June 10, 2019, finding the following:
On or about September 12, 2014, the respondent was retained by the complainant to pursue a claim against the United States of America, Department of the Navy (hereinafter the Navy), for environmental contamination of property. The complainant alleged that, in the 1970s, the Navy operated a target shooting range on land next to property owned by the complainant's corporation. The lead bullets that fell on the corporation's property were alleged to have caused lead contamination on the property.
On September 24, 2014, pursuant to the Federal Tort Claims Act, the respondent signed and filed a Form 95 notice of claim with the United States Government, alleging a "discovery of damage" date of October 2013. A government claims attorney notified the respondent that the notice of claim had been rejected on February 23, 2015, and requested that he perfect the claim by curing the defects. The respondent failed to perfect the claim, and the statute of limitations based on the alleged October 2013 discovery date expired. Although the respondent signed and filed the notice of claim with the alleged October 2013 discovery date, he asserted that this discovery date was not accurate and that the statute of limitations had already expired prior to the respondent's filing of the notice of claim.
The respondent failed to notify the complainant of the rejection of the claim, failed to timely inform the complainant that he was no longer pursuing the claim against the Navy, and either directly or indirectly misrepresented to the complainant that he was still working on the claim against the Navy. On May 16, 2016, in response to the complainant's inquiry, the respondent's legal assistant informed the complainant that the Navy can take up to two years to investigate the claim, and that the respondent had sent additional documents to the Navy in July 2015 pursuant to the Navy's request. On January 18, 2017, when the complainant inquired about this matter, the respondent's legal assistant informed the complainant that there was no update from the Navy and that the respondent would contact the complainant soon. The respondent failed to contact the complainant.
After the hearing, the Grievance Commission Panel found that the respondent had agreed that he violated the rules of professional conduct alleged in the disciplinary petition. In considering the appropriate sanction, the Grievance Commission Panel found that the respondent's failure to diligently pursue his client's claims and his failure to communicate with his client were knowing violations of his ethical duties, resulting in significant injury to his client. In aggravation, the Grievance Commission Panel considered that at the time of the misconduct, the respondent was an experienced attorney and had been previously suspended for a year in Oregon in 2015, with New York imposing reciprocal discipline in 2017. Although the respondent entered into an agreement regarding the disposition of the matter, he refused to acknowledge the wrongful nature of his misconduct. The only mitigation found by the Grievance Commission Panel was that the respondent was cooperative during the disciplinary process. The Grievance Commission Panel accepted the parties' agreement to a one-year suspension with a waiver of the respondent's right to file a petition for review.
By order dated June 19, 2019, the Maine Supreme Judicial Court accepted and adopted the stipulations of the parties calling for a sanction on consent and suspended the respondent from the practice of law for one year (hereinafter the Maine order of discipline).
New York Proceeding
The Court and the Grievance Committee for the Tenth Judicial District have no record of being notified by the respondent of the Maine order of discipline, as required by 22 NYCRR 1240.13(d). The Grievance Committee was notified of the Maine order of discipline by a letter dated February 5, 2021, from the Oregon State Bar informing the Grievance Committee that the Supreme Court of the State of Oregon had reciprocally disciplined the respondent by order dated January 6, 2021, imposing a suspension of one year, based on the Maine order of discipline.
By order to show cause dated June 24, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the Maine order of discipline by uploading a digital copy of an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee, through the digital portal on this Court's website, on or before August 16, 2021. Although the respondent was duly served with this Court's order to show cause dated June 24, 2021, he has neither submitted a response thereto nor requested additional time to respond. Accordingly, there is no impediment to [*2]the imposition of reciprocal discipline.
Based on the misconduct underlying the discipline imposed by the Maine order of discipline, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be suspended from the practice of law for a period of one year (see Matter of Wess, 94 AD2d 356).
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Joseph Raymond Sanchez, a suspended attorney, is suspended from the practice of law for a period of one year, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 27, 2023. In such application (see id. §§ 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Joseph Raymond Sanchez, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Joseph Raymond Sanchez, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph Raymond Sanchez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court