Matter of Beskardes (2022 NY Slip Op 05059)

Matter of Beskardes

2022 NY Slip Op 05059

Decided on August 30, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 30, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern,J.P.,
Angela M. Mazzarelli
Ellen Gesmer
Jeffrey K. Oing
Peter H. Moulton, JJ.

Motion No. 2022-02017 Case No. 2022-01208 

[*1]In the Matter of Mehmet Arda Beskardes, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mehmet Arda Beskardes, (OCA Atty. Reg. No. 4045688.) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on July 24, 2001.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Mehmet Arda Beskardes was admitted to the practice of law in the State of New York by the Third Judicial Department on July 24, 2001. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
On or about March 24, 2022, the Attorney Grievance Committee (Committee) filed a notice of petition and petition of charges pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matter (22 NYCRR) § 1240.8, seeking an order that respondent be disciplined for unethical practices and professional misconduct by, among other things, neglecting a client matter, engaging in dishonest conduct, and engaging in the unauthorized practice of law.
Now, by a joint notice of motion, the Committee and respondent ask this Court to suspend him for one year and until further order of this Court, pursuant to 22 NYCRR 1240.8(a)(5), based upon the stipulated facts and consent of the parties. Pursuant to 22 NYCRR 1240.8(a)(5)(i), the motion is supported by a joint affirmation (JA) which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and an agreed upon discipline. Pursuant to 22 NYCRR 1240.8(a)(5)(iii), the motion is accompanied by respondent's affidavit acknowledging his conditional admission of stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent.
The following factual specifications are not in dispute. In late 2016, a Turkish national (the client) met with respondent to discuss retaining respondent to prepare and file an O-1B visa application based on the client's Extraordinary Ability in the Arts as a Turkish rock musician. After paying respondent $3,500 in December 2016, the client returned to Turkey with his family while respondent agreed to prepare the O-1B visa application.
In June and July 2017, the client sent text messages to respondent inquiring about the status of his application but respondent did not reply. On July 27, 2017, respondent sent the client an email, stating that he would apply for the O-1B visa after the client arrived in the United States. On September 2, 2017, the client returned to the United States and was granted temporary visitor status for 180 days to March 1, 2018. Respondent testified, during his examination under oath, that he filed the client's O-1B visa application in January or February 2018, which extended the client's lawful status until USCIS issued its decision regarding the visa application. On June 15, 2018, USCIS issued a Request for Further Evidence (RFE), seeking additional documents and information regarding the client's visa application. The RFE stated that a response must be received no later than September 10, 2018.
On June 25, 2018 and August 29, 2018, respondent assured [*2]the client's wife that he was handling the RFE, but he testified during his examination under oath (EUO) that his response to the RFE was not timely submitted. On October 18, 2018, the client checked the status of his case on USCIS and learned that his visa application had been denied for failure to submit the proper documentation that was requested. Accordingly, since his application was denied, the client and his family were unlawfully present in the United States and had to leave the country by April 17, 2019 or potentially face a three-year bar to entry into the country. After reviewing the matter with the client, respondent agreed to file a new O-1B application and pay the $1,225 premium processing fee, along with filing a motion to reopen the decision denying the original O- 1B application. However, respondent failed to file the motion to reopen and, though he filed a new O-1B visa application, he did not file it with premium processing. Despite telling the client's wife that the application was submitted, respondent admitted during his EUO that the second O-1B visa application was rejected because it was missing signatures.
On March 27, 2019, U.S. Immigration and Customs Enforcement (ICE) arrested and detained the client and his family after receiving an anonymous tip that he had firearms in his home. Since the client and his family were unlawfully present in the United States following the denial of his visa application, they were placed in removal proceedings.
Importantly, the parties note that during much of the time that respondent was representing the client, he had been suspended from the practice of law in both New York and Tennessee. On January 30, 2017, respondent was suspended from the practice of law in New York, pursuant to Judiciary Law § 468-a, for failing to file and pay the biennial registration for the reporting periods of 2011/2012 through 2015/2016. On November 19, 2019, after paying his outstanding registration fees he was reinstated to practice in New York. Respondent had also been suspended from practicing law in Tennessee on August 25, 2014 for failing to comply with continuing legal education requirements. He was reinstated in Tennessee on October 18, 2019 and was not disciplined. Because respondent primarily practices immigration law, the period in which he was suspended in both New York and Tennessee, including practicing law before the immigration courts, was between January 30, 2017 and October 18, 2019.
Respondent admits that he neglected a client matter in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0) by failing to timely respond to the RFE. He admits that, by agreeing to file a new O-1B visa application with premium processing and instead filing a new O-1B visa application with standard processing without advising the client, respondent failed to reasonably consult with the client about the means by which the client's objectives are to be accomplished, in violation of rule [*3]1.4(a)(2).
He admits that, by agreeing to file a motion to reopen and failing to do so, respondent neglected a client matter, in violation of rule 1.3(b).
Finally, respondent admits that, by representing the client while suspended from the practice of law in New York and Tennessee, he engaged in the unauthorized practice of law, in violation of rule 5.5(a).
The parties stipulate to the following factor in aggravation: in 2012, respondent was issued a Letter of Admonition for using a nonrefundable fee provision in his retainer agreement in violation of rule 1.5(d)(4).
The parties stipulate to the following factors in mitigation: respondent suffered significant personal loss in 2018, as his maternal uncle and father passed away, and he traveled to Turkey on multiple occasions in 2018 to be with them while they were ill; he suffered serious complications from a surgery on January 10, 2019, which rendered him unable to walk for approximately three months; he started taking an antidepressant in late 2019, after consulting with his primary care physician; in his 20 years of practice, he has represented thousands of immigration clients pro bono and has trained over a thousand immigration advisors and practitioners; and he continued his pro bono work during the COVID-19 pandemic by helping immigrants who were stuck in the United States.
The parties agree that the discipline to be imposed upon respondent should be a suspension for a period of one year. They contend that the requested sanction takes into consideration respondent's neglect and failure to communicate and his unauthorized practice of law. The parties argue that although the sanction for neglect of legal matters is generally a public censure, even if the attorney had been previously admonished (see Matter of DeMaio, 200 AD3d 140 [1st Dept 2021]), respondent's unauthorized practice of law requires a more serious sanction. In support of their request for a one-year suspension, the parties cite to Matter of Garnsey (190 AD3d 22 [1st Dept 2020]), in which the attorney was suspended on January 30, 2017, during the same mass suspension as respondent herein. This Court imposed a two-year suspension nunc pro tunc to March 15, 2019, the date that the attorney learned of his suspension and ceased practicing law (id.). The parties also cite to Matter of Vayer (169 AD3d 78 [1st Dept 2019]), in which this Court imposed a retroactive three-year suspension, following the attorney's unauthorized practice of law from 2010 until April 28, 2017, and his failure to register with OCA, pay fees and fulfill CLE since 2000.
Liability on all of the charges has been established by respondent's conditional admissions and is supported by the stipulated facts. Accordingly, the only remaining issue is the appropriate sanction to impose. The parties' motion for discipline by consent and to suspend respondent for one year is granted.
While none of the cases cited by the parties necessarily support a one-year suspension[*4], and indeed support imposing more severe sanctions, a one-year suspension is appropriate here given the significant factors in mitigation. Also, although respondent engaged in the unauthorized practice of law for nearly three years while suspended for failing to register with OCA, once he learned of his suspension he immediately paid his outstanding registration fees and sought his reinstatement. Moreover, his professional misconduct, though serious, involved only one client (cf. Matter of Sobolevsky, 96 AD3d 60 [1st Dept 2012]), and did not include intentional dishonest conduct (Matter of Nuzzo, 47 AD3d 125 [1st Dept 2007]). There are other factors mitigating respondent's misconduct, including the personal losses he suffered and his own illness. Indeed, the deadline for respondent to submit further documents to the government related to the client's application, which he missed, was within days of his father's funeral in Turkey. Respondent also fully acknowledged his misconduct, accepted responsibility, and expressed genuine remorse (cf. Matter of Giovati, 171 AD3d 214 [1st Dept 2019]).
In light of respondent's admitted misconduct, the relatively short time he practiced law while suspended, and the aggravating and mitigating factors present (see Matter of Garnsey, 190 AD3d at 25), the motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted and respondent is suspended for one year. The petition of charges is denied as moot.
All concur. IT IS ORDERED that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Mehmet Arda Beskardes, is suspended from the practice of law in the State of New York for a period of one year, effective September 30, 2022 and until further order of this Court, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Mehmet Arda Beskardes shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other pubic authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that respondent Mehmet Arda Beskardes shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 12540.15), which are made part of hereof; and
IT IS FURTHER ORDERED that if respondent Mehmet Arda Beskardes has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency, and IT IS FURTHER ORDERED that the petition of charges is denied as moot.
Entered: August 30, 2022