Matter of Strage (2023 NY Slip Op 01062)

Matter of Strage

2023 NY Slip Op 01062

Decided on February 28, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,J.P.,
Lizbeth González
Manuel J. Mendez
Bahaati E. Pitt
John R. Higgitt, JJ.

Motion No. 2022-04713 Case No. 2022-02056 

[*1]In the Matter of Michael M. Strage (Admitted As Michael Mark Strage), A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael M. Strage (OCA Atty. Reg. No. 2102994), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 8, 1986.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Orlando Reyes, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Michael M. Strage was admitted to the practice of law in the State of New York by the First Judicial Department on December 8, 1986, under the name Michael Mark Strage. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced a disciplinary proceeding against respondent asserting eight charges of professional misconduct emanating from respondent's submission of false information in connection with his statutorily required attorney registration, failure to comply with the Committee's directives, disbursement of funds subject to an attorney charging lien, failure to keep proper records for an attorney trust account, failure to comply with a judicial subpoena duces tecum, and/or engaging in conduct adversely reflecting on his fitness as a lawyer, in violation of Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) rules 1.15(d)(1)(i), 1.15(d)(1)(ii), 8.4(c), 8.4(d), and 8.4(h).
The petition alleged that, despite respondent's claims since January 2010 of exemption from mandatory continuing legal education (CLE) requirements, respondent was neither retired nor an active member of the military, and appeared as the attorney of record in matters before the Supreme Court of the State of New York and the United States District Courts for Colorado and the Southern District of New York.
The petition further alleged that respondent had failed to comply with the Committee's 2016 Admonition directing him to earn CLE credits in certain topics within nine months and provide it with the certificates of attendance.
The petition further alleged that, in 2019, despite respondent's receipt and notice of his client's former attorney's Judiciary Law § 475 charging lien pertaining to approximately half of the settlement funds received by respondent from opposing counsel in a landlord-tenant matter, respondent disbursed the entirety of the funds to himself and the client.
The petition further alleged that, in 2019 and 2020, respondent maintained an RPC 1.15(b) attorney trust account, the records for which failed to identify the source, description, payee, purpose, person for whom held, and recipient of transacted funds.
The petition further alleged that respondent had failed to comply with a 2021 subpoena the Committee served that sought retainer agreements, letters of engagement, invoices for services rendered and/or notices of appearance for each legal matter, since 2010, in which respondent acted as an attorney and/or provided legal services.
In light of respondent's failure to answer or otherwise respond to the petition and failure to contact the Committee, the Committee filed a motion asking this Court to find respondent in default, to deem the charges alleged in the petition admitted, and to immediately suspend respondent [*2]pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1), based on his default, and to refer the matter for a hearing on the issue of sanction only. By order entered August 23, 2022, this Court granted the motion, deeming the charges admitted, suspending respondent from the practice of law pending further order of this Court and referring the matter to a referee for a hearing with respect to the issues of mitigation, aggravation and appropriate sanction.
The Committee and respondent now jointly move under 22 NYCRR § 1240.8(a)(5) for an order imposing discipline by consent. The parties request that respondent be suspended from the practice of law for 15 months, nunc pro tunc to August 23, 2022, and until further order of the Court.
The Rules for Attorney Disciplinary Matters provide that, at any time after the Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent, which must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a][5][i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion.
In support of the motion, the parties have submitted a joint affirmation containing a stipulation of facts and an affidavit from respondent in which he conditionally admits that he violated the below-mentioned provisions of the Rules of Professional Conduct (RPC) (22 NYCRR 1200.0), and consents freely and voluntarily to the agreed upon discipline, without coercion or duress and with his full awareness of the consequences of consenting to such discipline.
The parties have stipulated to the following facts:
Respondent was neither retired nor an active member of the military, and appeared as the attorney of record in 11 matters before the Supreme Court of the State of New York, 1 action before the United States District Court for Colorado and 3 actions before the United States District Court for the Southern District of New York. Thus, by claiming an exemption from the CLE credit requirement that respondent knew he was not eligible to receive, he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of RPC rule 8.4(c) and in conduct prejudicial to the administration of justice in violation of rule 8.4(d).
In 2016, respondent received an Admonition directing him to earn four CLE credits in certain topics within nine months and provide the Committee with the certificates of attendance. By failing to comply with the directives in the Admonition, respondent engaged in conduct prejudicial to the administration of justice (RPC rule 8.4[d]).
In 2019, despite respondent's [*3]receipt and notice of his client's former attorney's Judiciary Law § 475 charging lien pertaining to approximately half of the settlement funds received by respondent from opposing counsel in a landlord-tenant matter, respondent disbursed the entirety of the funds to himself and the client. By disbursing to himself and a client the entirety of funds subject to an attorney charging lien asserted pursuant to Judiciary Law § 475, respondent engaged in conduct prejudicial to the administration of justice in violation of RPC rule 8.4(d).
In 2019 and 2020, respondent maintained an RPC rule 1.15(b) attorney trust account, the records for which failed to identify the specific source, description, payee, purpose, person for whom held, and recipient of transacted funds. By failing to maintain complete records as required respondent violated RPC rule 1.15(d)(1)(i) and (ii).
By failing to comply with a 2021 subpoena duces tecum from this Court that sought retainer agreements, letters of engagement, invoices for services rendered and/or notices of appearance for each legal matter since 2010, in which respondent acted as an attorney and/or provided legal services, he engaged in conduct prejudicial to the administration of justice in violation of RPC rule 8.4(d).
By engaging in the above misconduct, respondent engaged in conduct that adversely reflects on his fitness as a lawyer in violation of RPC rule 8.4(h).
As to factors in aggravation, the parties note respondent's disciplinary history. In 2013, respondent received an Admonition for keeping personal funds in an attorney trust account, withdrawing funds from an attorney trust account by use of a debit card, and making withdrawals from an attorney trust account by use of checks made payable to cash. In 2016, respondent received the Admonition referred to above with regard to his commingling of client funds with personal funds, keeping personal funds in an attorney trust account, making withdrawals from an attorney trust account that did not involve a named payee and included a check made payable to cash, failing to timely create and maintain bookkeeping records regarding the activity in an attorney trust account, and failing to comply with the requirement that a written retainer agreement set forth a client's rights regarding arbitration of fee disputes. Finally, in 2018, respondent received a letter of advisement directing his attention to RPC rule 8.4(d), because he did not voluntarily satisfy a civil judgment obtained against him by a client. In addition, the parties note that the misconduct at issue involved different types of disciplinary violations and, with respect to his failure to comply with mandatory CLE requirements, repeated instances of the same type of violation. The parties further note that respondent had substantial experience in the practice of law at the time that the misconduct occurred.
With respect to mitigation, the parties note that in 2009, respondent and his then-teenage children [*4]were devastated by a sudden and unexpected family tragedy, from which they continue to suffer, increasing the children's reliance on him for psychological support; respondent is the primary caregiver for an elderly parent; and he has presented evidence of good character to the Committee.
As to the appropriate sanction, the parties request that respondent be suspended from the practice of law for 15 months, nunc pro tunc to August 23, 2022, and until further order of the Court. We agree that suspension, and suspension of such duration, is appropriate in light of respondent's admitted misconduct, the aggravating and mitigating factors presented, and the case law identified by the parties with which the requested sanction is generally in accord (see Matter of Garnsey, 190 AD3d 22 [1st Dept 2020]; Matter of Vayer, 169 AD3d 78 [1st Dept 2019]; Matter of Benick, 293 AD2d 176 [1st Dept 2002]; Matter of Bastone, 206 AD3d 906 [2d Dept 2022]; see also Matter of Sanchez, 149 AD3d 141 [2d Dept 2017]).
Accordingly, the parties' joint motion for discipline by consent should be granted, and respondent is suspended from the practice of law for 15 months, nunc pro tunc to August 23, 2022, and until further order of the Court.
All concur.
IT IS ORDERED that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Michael M. Strage, admitted as Michael Mark Strage, is suspended from the practice of law in the State of New York for a period of 15 months, effective nunc pro tunc to August 23, 2022, and until further order of this Court, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Michael M. Strage, admitted as Michael Mark Strage, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Michael M. Strage, admitted as Michael Mark Strage, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
IT IS FURTHER ORDERED that if respondent Michael M. Strage, admitted as Michael Mark Strage, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: February 28, 2023