Matter of McNary (2024 NY Slip Op 04606)

Matter of McNary

2024 NY Slip Op 04606

Decided on September 26, 2024

Appellate Division, First Department

P E R C U R I A M 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Ellen Gesmer
Justice Presiding
Saliann Scarpulla Julio Rodriguez III LlinÉt M. Rosado Marsha D. Michael
Justices.

Motion No. 2024-03719 Case No. 2024-03289 

[*1] In the Matter of Colin Connor McNary, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Colin Connor McNary (OCA Atty. Reg. NO. 4529756), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Colin Connor McNary, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 19, 2007.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, Esq., of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

P E R C U R I A M 

Respondent Colin Connor McNary was admitted to the practice of law in the State of New York by the Third Judicial Department on September 19, 2007. During the relevant period, petitioner's registered business address was within the First Judicial Department.
By order entered January 30, 2017, as part of a mass suspension proceeding, this Court suspended respondent from the practice of law for failure to file attorney registration statements and to pay biennial registration fees in violation of Judiciary Law § 468-a. To date, respondent has not been reinstated and remains suspended in New York.
By notice dated June 7, 2023, respondent moved for an order reinstating him as an attorney and counselor-at-law in the State of New York. In support of that motion, respondent averred, among other things, that he became aware of his suspension on May 30, 2023, meaning that he engaged in the unauthorized practice of law for six years and four months. Petitioner Attorney Grievance Committee (the AGC or Committee) opposed. By unpublished order entered December 20, 2023, this Court denied respondent's motion without prejudice either to renewal upon the AGC's completion of its investigation or to the AGC's initiation of further proceedings it deemed warranted. By petition of charges noticed May 20, 2024, the AGC alleged that respondent was guilty of professional misconduct based on his engagement in the unauthorized practice of law while suspended.
The AGC and respondent now jointly move, by notice dated July 31, 2024, under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and request the imposition of an 18-month suspension, nunc pro tunc to May 30, 2023, the date on which respondent learned of his suspension and ceased practicing law, together with one year of participation with the New York Lawyer Assistance Program (LAP).
The parties stipulate that respondent is 47 years old and has practiced law for nearly 20 years. He first learned that he had been suspended on May 30, 2023, when an attorney on the other side of a real estate transaction in which he was involved informed him that according to Office of Court Administration records, he was listed as a suspended attorney. Respondent was suspended for not having completed his biennial registration or paid registration fees for 2013-2014, 2015-2016, and 2017-2018[*2], but he also had not completed his registration or paid his fees for 2019-2020 and 2021-2022. Respondent failed to update OCA with his current email and home addresses and has no recollection of receiving OCA notices informing him that he was delinquent in registration and thus facing the possibility of suspension.
The parties further stipulate that respondent has consistently acknowledged to the AGC that he knew he was delinquent in his payment of registration fees due to OCA and operated with "poor judgment and tunnel vision" in the belief that someone in his firm would reach out to him to warn him if the courts were going to take drastic action in connection with his dues and registration.
Respondent conditionally admits in his affidavit to the stipulated facts' truth, which establish that he violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 5.5 (a) ("A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction"), rule 8.4 (b) (a lawyer shall not "engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer"), rule 8.4 (c) (a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation"), rule 8.4 (d) (a lawyer shall not "engage in conduct that is prejudicial to the administration of justice"), and rule 8.4 (h) (a lawyer shall not "engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer").
In mitigation, the parties agree that respondent cooperated fully with the AGC during its investigation, including appearing for two examinations under oath, and has no disciplinary history. Respondent has also had difficulties with his mental and physical health since as early as 2007, requiring treatment including medications, therapy, hospitalizations, and surgeries, with residual effects causing pain, numbness, and partial paralysis. The parties also agree that respondent's suspension has caused tremendous financial hardship for him, his spouse, and his young son. Further, the parties agree that no clients were harmed by respondent's misconduct, and they provide letters from friends and professional colleagues regarding respondent's excellent reputation for honesty, decency, and compassion.
In aggravation, the parties agree that respondent's misconduct involved engaging in the unauthorized practice of law from the date of his 2017 administrative suspension until May 30, 2023, when he learned of his suspension and voluntarily ceased the practice of law. Furthermore, respondent failed to register, pay biennial attorney registration fees, or update contact information with OCA between the 2013 and the 2023 biennial registration periods; however, he is now compliant with those obligations. Finally, respondent failed to fulfill his CLE requirements between the 2013 and 2023 biennial registration periods but is now compliant with those obligations as well.
The parties [*3]agree that an 18-month suspension, nunc pro tunc to May 30, 2023, the date on which respondent learned of his suspension and ceased practicing law, together with one year of participation with LAP, is appropriate in this matter. In support, they compare this case with the following cases: Matter of Strage, 213 AD3d 87 (1st Dept 2023) (15-month suspension, by consent, for attorney who falsified his attorney registration, did not comply with the AGC's directives or subpoena, disbursed funds subject to a charging lien, did not keep proper records for his trust account, falsely claimed that he was exempt from CLE requirements, and failed to comply with an admonition directing him to complete four CLE credits); Matter of Beskardes, 209 AD3d 85 (1st Dept 2022) (one-year suspension, by consent, for attorney who engaged in the unauthorized practice of law for two years, neglected a client matter, failed to consult with a client about their objectives, had been suspended in Tennessee for failing to register, and had previously been admonished for using a nonrefundable retainer); Matter of Garnsey, 190 AD3d 22 (1st Dept 2020), (by consent, 24-month suspension, nunc pro tunc to specified date, for attorney who argued an appeal and worked on 13 other cases while suspended for failure to register for more than two years); Matter of Vinciguerra, 188 AD3d 56 (1st Dept 2020) (three-and-one-half-year suspension, by consent, for attorney who did not meet her registration obligations between 2004 and 2018, held herself out as an attorney from 2010 until May 31, 2018, incorrectly attested, in support of her motion for reinstatement, that she was in full compliance with the CLE requirements, and failed to promptly comply with the AGC's request for her employment history); and Matter of Vayer, 169 AD3d 78 (1st Dept 2019) (three-year suspension, by consent, for attorney who practiced law for seven years while suspended for failure to register despite suspecting that he might not be in good standing).
The parties agree that respondent engaged in the unauthorized practice of law for longer than the attorneys in Beskardes and Strage, but those attorneys also engaged in other, unrelated misconduct, and their mitigation is not comparable to respondent's. Vayer is also distinguishable insofar as respondent never knew or suspected that he had been suspended while he was engaging in the unauthorized practice of law, and Vinciguerra is inapposite because respondent neither made false statements in support of his reinstatement application nor failed to comply with the AGC's investigation. Finally, while the attorney in Garnsey engaged in the unauthorized practice of law for only two years, he had still failed to register or comply with CLE requirements for nine years; Garnsey's mitigation also is not comparable to respondent's, and the attorney in that case neglected his CLE obligations out of a selfish motive.
Finally, the parties point to ABA Standards for Imposing Lawyer Sanctions [*4]standards 9.31 and 9.32, which suggest that factors that may be considered in mitigation include the absence of a prior disciplinary record or a dishonest or selfish motive; the presence of personal or emotional problems; a timely, good faith effort to rectify the consequences of the misconduct; full and free disclosure to, and cooperation with, the AGC; and respondent's character, reputation, and remorse. All of this, the parties submit, justifies their agreed-upon 18-month suspension, nunc pro tunc to May 30, 2023, when respondent actually ceased practicing law, together with one year of participation with LAP.
An 18-month suspension with one year of supervision by LAP is acceptable discipline for respondent's misconduct. The disposition is justified by the substantial hardship that respondent's suspension has caused himself and his family, the health challenges that underlie his protracted failure to register, and his genuine remorse and contrition. Even though no clients were harmed by respondent's misconduct, one year of supervision by the LAP will protect the public against any risk of a recurring lapse in respondent's satisfaction of his professional obligations (see e.g. Matter of Balis, 70 AD3d 76, 79 [1st Dept 2009] ["We are . . . guided by the principle that the purpose of a disciplinary proceeding is . . . to protect the courts and public from attorneys that are unfit for practice"]).
Accordingly, the parties' joint motion for discipline by consent should be granted, the AGC's petition of charges denied as moot, and respondent suspended from the practice of law in the State of New York for a period 18 months, nunc pro tunc to May 30, 2023 and until further order of this Court, with respondent directed to participate in the New York City Bar Association's Lawyer Assistance Program for a period of one year.
All concur.
Wherefore, it is Ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and respondent Colin Connor McNary is suspended from the practice of law in the State of New York for a period of 18 months, effective nunc pro tunc to May 30, 2023, and until the further order of this Court, and respondent is further directed to participate in the New York City Bar Association's Lawyer Assistance Program for a period of one year, and
It is further Ordered that the petition of charges is denied as moot, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Colin Connor McNary is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further [*5]Ordered that, during the period of suspension, respondent Colin Connor McNary shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Colin Connor McNary has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: September 26, 2024